## WILLIAM GILL v. THOMAS READ.

Where the plaintiff seeks to recover upon a double ground, and submits evidence to the jury pertinent to enable him to do so, and it is not known upon which ground a verdict was found for him; a court of error must set aside the verdict, and grant a new trial, for misdirection in matter of law touching either ground of recovery.

The implied authority of a wife, known to live separate from her husband, to bind him for necessaries furnished to her, depends wholly upon his legal obligation to provide for her; and is unaffected by, and independent of, the ignorance or knowledge of the creditor of the facts upon which the liability depends.

Such authority, during known separation, is revoked by the adultery of the wife, whether committed before or after her separation from her husband, and whether the creditor has knowledge of the adultery or not.

A decree dismissing the petition of the husband for a divorce a vinculo for cause of adultery, passed after full hearing, is not evidence, and certainly is not conclusive evidence, against the husband, that his wife did not commit adultery prior to the petition for divorce or during its pendency, in an action against him for necessaries furnished to his wife during their separation, defended by him on the ground of her adultery.

A wife, separated from her husband, has no implied credit to borrow money, at his charge; but if the lender lays out the money, or sees it laid out, in necessaries, he may charge them as furnished by him, thus taking upon himself the application of the loan.

The obligation of a father to provide for his child, is not affected by his wife's misconduct; and if, notwithstanding such misconduct, he suffer his child to live with her, he thereby constitutes her his agent to contract for the child's necessaries, and is liable to those who furnish them upon his credit.

ASSUMPSIT to recover seventy-five dollars for rent of house, board, clothes, and money, furnished by the plaintiff to the wife of the defendant, for herself and child, whilst living separate from her husband. The declaration contained a count in *indebitatus assumpsit* on book account, embracing the particulars of the above; a like general count for goods sold and delivered, and work and labor done; a special count upon a *quantum meruit*, for meat, drink, washing, lodging, and other necessaries for the defendant's wife and child, furnished at the defendant's request; a count for the use and occupation by the defendant's wife of the plaintiff's tenement in Newport, from September 29, 1855, to August 29, 1856; and the money counts.

At the trial of the case, under the general issue, before Mr. Justice Shearman, with a jury, at the October term of the court of common pleas for the county of Newport, 1857, the defendant offered to prove, that prior to the furnishing by the plaintiff of any of the articles mentioned in the plaintiff's bill of particu-

lars to the defendant's wife, she had committed the crime of adultery, or facts from which the commission of adultery might be inferred. The plaintiff objected to the admissibility of this testimony, and offered in support of his objection, two certificates of the clerk of the supreme court for the county of Newport, from which it appeared, that on the 12th day of March, 1855, the defendant filed in said court a petition against his wife, asking to be divorced from her on the ground of adultery; and that on the 3d day of the March term of the said court, 1855, the wife of the defendant filed a petition against him, praying for a separate maintenance, on the ground, that on the 19th day of February, 1855, he turned her and her infant child out of doors, without cause; that said petitions were continued from term to term, until the August term of said court, 1857, when, on the 10th day of said term, said court, after full hearing, dismissed the petition of the defendant, and granted to his wife a separate maintenance. The court, upon the production of these certificates, rejected the evidence above offered by the defendant, as well as evidence subsequently offered by him that his wife had committed adultery after the filing of his said petition against her, and ruled, that the decree upon said petition precluded the defendant from offering any evidence of the adultery of his wife prior to the filing of his petition, or between the filing of his petition and entering up of said decree, upon the ground, that the said decree concluded the defendant upon that matter in this case. The court further ruled, that it was only competent for the defendant to offer evidence of the adultery of his wife during the period which elapsed after the entering up of said decree, and before the furnishing of the articles sued for, when accompanied with proof that the plaintiff, when he furnished the defendant's wife, knew of her adultery, or with proof, that her adultery was so notorious that the jury must infer that the plaintiff then had knowledge of it.

The defendant also objected to the money charges made against him, and requested the court to charge the jury that the declaration was insufficient to authorize the jury to return a verdict for *them;* but the judge overruled the objection, and charged the jury, that the declaration was sufficient, and the

Gill *v.* Read.

proof competent, under the declaration. The proof was, that the defendant had turned his wife out of doors, and had broken up housekeeping; that the wife then came to the plaintiff's house, and that the defendant had paid him for her board, &c., until she left the plaintiff's house and went to the house of one Kane, where she remained some time; that the defendant then told the plaintiff, that he had rather that the plaintiff would not take her again, but did not say that he would not pay the plaintiff if he did; and that the account sued accrued, after the return of the defendant's wife from Kane's, to the house of the plaintiff.

The defendant excepted to the above rulings and charge; and the jury having returned a verdict in full for the plaintiff, brought his exceptions to this court. The case was submitted, without argument, by *Van Zandt*, for the plaintiff, and *Sheffield*, for the defendant.

AMES, C. J. It is evident from the bill of exceptions, that the plaintiff sought, in this action, to bind the husband for necessaries furnished to his wife, upon the double ground, of authority in law, and of authority in fact, growing out of a previous dealing in the same matter; but as we cannot know upon which ground the jury proceeded in their verdict, the defendant will be entitled to a new trial for misdirection in matter of law touching either ground of liability.

The implied authority of a wife, known to live separate from her husband, to bind him for necessaries—growing, as it does, out of his legal obligation to provide them for her—is wholly dependent upon the existence, under the circumstances of each case, of that obligation; and is unaffected, since he is bound to inquire and inform himself of them, by the actual ignorance or knowledge of the creditor, of those circumstances. So far as this source of authority is concerned, the tradesman, who trusts a wife living separate from her husband, trusts her upon the husband's credit, as the common expression is, *at his own peril;* the husband being liable, if in fact he was bound to provide for her, and not liable, if not, under the circumstances, so bound. Chitty on Contracts, 164, and cases cited; Bell on Husband and Wife, 27. It is also well settled, that, not only is such author-

ity revoked by the adultery of the wife, but that even if she has left the husband's house under circumstances which would justify her in so doing, or has, without cause, been turned out of doors by the husband, and afterwards commits an act of adultery, this will relieve the husband from the obligation to provide her with necessaries; and hence, from all liability for them upon the mere ground of her implied authority as a wife to charge him with them. *Govier* v. *Hancock*, 6 T. R. 603, 604.

So far, then, as the plaintiff's claim proceeded merely upon the implied authority of the defendant's wife to bind him for necessaries furnished to her, the husband's defence, that he had turned her away because she had committed adultery, or that, whilst living separate from him, she had committed adultery, was good in law; and to avail him, did not depend, as was supposed by the court below, upon a knowledge of the fact of adultery by the plaintiff, whether to be brought directly home to him by proof, or to be inferred from general notoriety.

The main question, however, raised by the bill of exceptions, is, whether the defendant was estopped from offering in defence proof of the adultery of his wife, prior to the accruing of plaintiff's account, by the decree of this court refusing him a divorce *causa adulterii?* We know not upon what ground the court below founded its notion of such an estoppel. If this court had granted the divorce for cause of adultery, it clearly would not have estopped the plaintiff from contesting, in this action, the fact of adultery; since, as he was no party, nor the privy of any party, to the proceeding, he could not be bound, or in the least affected, by the decree. *Robins* v. *Crutchley*, 2 Wils. 124. As he could not be prejudiced by a decree in a proceeding to which he was not a party, so neither now can he avail himself of it against the defendant as evidence, and especially as conclusive evidence, that the wife of the defendant did not commit adultery prior to the petition for divorce, or at any time between the petition and decree. As between the plaintiff and defendant, the fact of the adultery is *res nova*—never before litigated or decided; and the exclusion of the testimony offered by the defendant is warranted by no such policy—*ut sit finis litium*—as lies at the bottom of the rule which makes judgments conclu-

sive between parties and privies. 1 Starkie on Evid. part 2, § 62, and cases cited.

For these reasons, pertaining, it will be noticed, solely to the ground of implied authority in the wife to bind her husband, and not at all touching the other ground upon which the plaintiff claims to have been entitled to credit her, there must be a new trial of this cause.

For the purposes of the new trial, we take notice of two classes of items in the bill of particulars of the plaintiff, one of which has, and the other of which has not, so far as the bill of exceptions shows, been the subject of a ruling by the court. The first of these consists of the three items for money loaned to the wife. It is old law, that neither a wife nor an infant has credit to borrow money; the credit being for necessaries, and not for money to buy them with, which may be misapplied. *Earl* v. *Peale*, 1 Salk. 386. If, indeed, the lender lays out the money, or sees it laid out, for necessaries, he may charge them as provided by himself; and thus, the application of the loan is left, as it should be, at his peril. Ib.; and see *Stone* v. *McNair*, 4 Price, 48, 49. If, as we understand the bill of exceptions, the money was furnished by the plaintiff directly to the wife, and there was no evidence that the same was applied by her to the purchase of necessaries, which the plaintiff charged, as he might, as furnished by himself, the ruling, as to these items, was erroneous.

The other items of claim in the account of the plaintiff to which we refer, are, those for the board and clothing of the defendant's infant child. These stand upon a different footing from necessaries furnished to the wife; since the father's obligation to provide for his child is not affected by her misconduct. If, notwithstanding such misconduct, he *suffer* his child to live separate from him with her, he thereby constitutes her his agent to contract for the child's necessaries, and is liable to those who furnish them upon his credit. *Rumney* v. *Keyes*, 7 N. H. 571.

Verdict set aside and new trial granted, to be had at next term of the court of common pleas for the county of Newport.