## THE TRIBUNE ASSOCIATION *vs.* THE MAYOR, &C. OF THE CITY OF NEW YORK.

The act of the legislature of 1866, (*Laws of* 1866, *vol.* 2, *p.* 2070, § 10,) which provides that no judgment in actions upon contracts shall be entered by default or otherwise, in any court, against the corporation of New York, "except upon proofs in open court that the amount sought to be recovered in said judgment still remains unexpended in the city treasury to the credit of the appropriation to the specific object or purpose upon which the claim sued for is founded," applies to actions commenced prior to its passage, as well as to those thereafter to be commenced.

It is competent for the legislature to repeal an existing law, absolutely, or continue it in force, as to proceedings commenced under it, or to substitute a new law in its place and direct that all future proceedings in the progress of an action shall be governed by such new law.

The act of 1866 does not affect the contract. It does not apply to the *debt,* but to the *remedy.* It delays the plaintiff's recovery until an appropriation to cover the claim is made.

Where, in an action against the corporation of New York, for work and labor, the defendants in their answer, admit the performance of the work and labor, and that a sum specified is due, the plaintiff will not be allowed to take judgment for the amount admitted to be due, unless evidence is furnished that a sufficient amount of the appropriation to the specific object, to pay the claim, remains unexpended, at the time of the application.

Tribune Association *v.* The Mayor &c. of New York.

THIS action was brought to recover for publishing the proceedings of the common council, and reports of the city inspector, amounting to twenty-two hundred and thirty-eight dollars. The defendants, in their answer, admit that the plaintiffs did publish the proceedings of the common council, and that such publication was worth the sum of seventeen hundred and twenty-four dollars. The plaintiffs moved at special term for an order directing judgment to be entered against the defendants for the amount admitted in the answer, with interest and costs. Proof was furnished that the amount of the work had been performed, and that the sum claimed was due, but no evidence was furnished that a sufficient amount of the appropriation to this specific object to pay this claim, remained unexpended at the time of the application. The motion was denied, and the plaintiffs appealed.

*J. W. Edmonds,* for the appellants.

*R. O'Gorman,* for the respondents.

INGRAHAM, J. In ordinary cases the motion was proper, and should be granted. The admission, in the answer, of the amount and value of the work done, established that the plaintiffs' claim was valid and ought to be paid. The only question then arises as to the force of the provisions of the act of 1866, which provides that "no judgment in actions upon contract shall be entered by default *or otherwise,* in any court, against said corporation, except upon proofs, in open court, that the amount sought to be recovered in said judgment still remains unexpended in the city treasury to the credit of the appropriation to the specific object or purpose upon which the claim sued for is founded." (*Laws of 1866, p.* 2070, § 10.)

It is sought to evade the operation of this act by urging, first, that the act does not apply to actions commenced prior

to its passage, and was intended to operate only in the future. The answer to this is, that it is not made applicable to actions, but to judgments, and the words of the act are general, that no judgment shall be entered in any court, in actions upon contract. The provision is general, so as to prohibit the entry of any judgment. The statute makes no exception, and can only be complied with by including pending actions as well as actions thereafter to be commenced.

2d. It is urged that the act cannot have any retrospective effect. In *Bates* v. *Stearns*, (23 *Wend.* 482,) relied on by the plaintiffs, the judgment had been recovered, and the question was whether it should be a bar ; and that case properly held that it had no more force after the amended statute than before it was passed. In *The People* v. *Livingston*, (6 *Wend.* 526,) Savage, Ch. J. says : " It is undoubtedly competent for the legislature to repeal absolutely, or to continue, the old law in force, as to the proceedings commenced under it, to substitute another law in place of the old one, and to direct that all future proceedings in the progress of a cause or the prosecution of a right, shall be governed by such new law."

It is further urged that though the act be retrospective, it could not take away a right of action which the party had before the statute ; and that no statute can act retrospectively unless such be its clear intention, and such intention was expressly declared, or the statute could find no other aliment. That such has always been the law must, I think, be conceded, and such was the decision in this court in *Meyer* v. *Roosevelt*, (25 *How. Pr.* 97.) But that case was reversed in the Court of Appeals, and the act held to be constitutional and valid, and its operation was applied to the payment of a debt contracted long before the passage of the statute. That decision will admit of no other construction than one adverse to such a rule. The question, however, in this case, can hardly be said to be one in which the contract

can be affected by the statute. It does not apply to the debt, but to the remedy. It delays the plaintiffs' recovery until an appropriation is made, to cover the claim.

The order should be affirmed.

CLERKE, J. I concur in the conclusion, on the ground that a similar provision to the one in question was contained in the charter of 1857, and that the indebtedness was incurred subject to that provision.

LEONARD, J. also concurred.

Order affirmed.

