## N. Y. COMMON PLEAS.

### MICHAEL SULLIVAN agt. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

Under the district court act (*Laws of* 1857) the common council of the city of New York had authority to adopt the resolution in March, 1870, in pursuance of which the plaintiff was appointed *janitor* of the sixth district court of said city, at an annual salary of $1,500.

"An act to make provision for the government of the city of New York," passed in 1869, ordinarily called the city tax levy, contains a provision in terms (§ 11) prohibiting the common council or any head of department of the city of New York from creating any new office or department, or increasing the salary of those in office, except as provided by acts of the legislature.

Assuming that the position of janitor can fairly be called an officer within the sense of this prohibition, and also that said prohibition was not limited in its operation to the year 1869, then the question arises, is the same unconstitutional and void?

*Held*, that it is *unconstitutional*, 1st. Because being a local law, it must be deemed to be another and different subject from that embraced in the general provisions of the act. 2d Because its object or subject is not expressed in the title of the act.

*General Term, March,* 1873.

*Before* DALY, *Ch. J.,* ROBINSON *and* LOEW, *JJ.*

THE plaintiff was appointed by justice LANE on the 16th day of March, 1870, janitor of the sixth district court of the city of New York, in pursuance of the provisions of a resolution of the common council of the city of New York, authorizing such appointment, passed and approved March 15th, 1870. He thereupon entered upon the performance of his duties and was paid therefor up to January 1st, 1872, at the rate of $1,500 per annum. Subsequently payment was

refused. The plaintiff demanded monthly his salary from the comptroller, Andrew H. Green, and, after the lapse of ten months, he commenced this action against the corporation of the city of New York.

The defense set up was that the common council was, at the time of the passage of the resolution, prohibited by section 11 of chapter 876, Laws of 1869, from creating any new office.

At the trial before the jury the justice dismissed the complaint on the ground above stated, and directed that the exception should be heard in the first instance at the general term, and that the entry of judgment should be meanwhile suspended.

ABRAHAM R. LAWRENCE, Jr., *for plaintiff.*
DAVID J. DEAN, *for defendants.*

*By the Court,* LOEW, *J.*—On the 14th day of March, 1870, a resolution was adopted by the common council of the city of New York, whereby the justices of the several district courts, and the justices assigned to each of the police courts in this city, were authorized and empowered to appoint a janitor for their respective courts, at an annual salary of $1,500, payable monthly.

This resolution was approved by the mayor on the following day; and, in pursuance thereof, the justice of the sixth district court, on the 16th day of March, 1870, appointed the plaintiff janitor of said court.

The latter at once entered upon the performance of his duties as such janitor, and has ever since continued to perform the same.

The defendants paid him for his services up to the first day of January, 1872, at the rate fixed in the said resolution; but since that time they have neglected and refused to pay him; and he therefore brings this action to recover $1,250

for his services from the first day of January, 1872, to the first day of November, 1872.

On the trial, after the plaintiff had proved his case, the defendants called justice LANE, by whom they proved that, prior to the time when the plaintiff was appointed, there was no janitor of the sixth district court. They thereupon renewed a motion, which had been previously made and denied, to dismiss the complaint on the following grounds:

1. That there was no authority for the appointment of the said plaintiff as janitor, for the reason that, at the time of such appointment, the common council were prohibited by law from creating the office of janitor.

2. That there was no evidence showing that there was any money in the city treasury appropriated or applicable to the payment of the plaintiff's claim.

The learned judge granted the motion on the ground first above mentioned, and ordered the exceptions to be heard at the general term in the first instance, and that the entry of judgment be suspended in the mean time.

The main question, therefore, presented for our consideration and determination is, could the common council lawfully adopt the resolution referred to?

Section 7 of the act commonly called the district court act (*Laws of* 1857, *chap.* 344, § 7), declares that the district courts must be held in the places in their respective districts appointed by the corporation of the city of New York; and by section 65 of the same act it is provided that the defendants shall furnish, at the expense of the city, all necessary attendants, rooms, furniture, &c., for said courts.

As the last named section also provides for the appointment, by the justices of said courts, of such officers as may be necessary to attend the same, it is evident that the legislature, in enacting that the defendants should furnish " all necessary attendants," not only authorized and empowered them to employ suitable and proper persons to take charge of said court-rooms, keep the same in good order, and pre-

serve the property therein contained, but made it incumbent upon them to do so.

Hence it follows that the common council had authority to adopt the resolution in pursuance of which the plaintiff was appointed, unless they were deprived of the same by subsequent legislation.

The learned counsel for the defense, although he did not, on the argument before us, question that the common council might have lawfully adopted said resolution prior to the year 1869, nevertheless insisted that by an act passed in that year such power and authority was taken from them.

The eleventh section of the statute referred to (*Laws of* 1869, *chap.* 876, § 11), among other things, in terms prohibits the common council or any head of department of the city of New York from creating any new office or department, or increasing the salary of those in office, except as provided by acts of the legislature.

It may, perhaps, be doubted whether the plaintiff is more than a mere employe, who, for a stated compensation, is to take charge of and protect the property entrusted to his care, and also whether that portion of the section in question which precedes the provision on which the defendants rely, does not indicate an intention on the part of the legislature to limit said provision to the year in which the act was passed.

Assuming, however, that the position of janitor can fairly be called an officer, within the sense of the prohibition referred to, and also that said provision was not limited in its operation to the year 1869, then the question arises, is the same unconstitutional and void, as claimed by the learned counsel for the plaintiff? I am clearly of the opinion that it is.

The constitution provides that "no private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title" (*Const.*, *art.* 3, § 16). Every law which relates only to a particu-

lar place or locality, or affects only persons or property within a certain specified section or district, is a local law, within the meaning of this section of the constitution (*The People* agt. *O'Brien*, 38 *N. Y.*, 193 ; *The People* agt. *Hills*, 35 *id.*, 449).

The act under consideration is entitled " An act to make provision for the government of the city of New York." It is what is ordinarily known as the city tax levy, which is annually passed by the legislature, and which authorizes the raising of money by taxation for the support of the city government. It specifies the sums and the purposes for which they are to be raised, and directs the manner of levying and raising the same.

The particular provision relied on by the defendants' counsel purports to alter and change the corporate powers of the defendants. It is confined in its operation exclusively to the city of New York, and is, therefore, local within the meaning of the constitution ; and as its aim or object is to interdict the common council from creating any new office or department or increasing the salary of those in office—powers which had previously been conferred on the corporation of the city, by the charter and other acts of the legislature—it must be deemed to be another and different subject from that embraced in the general provisions of the act, and for that reason unconstitutional and void (*Gaskin* agt. *Meek*, 42 N. Y., 186 ; *The People* agt. *O'Brien*, *supra*).

Again, the provision in question is in contravention of the constitution, beause its object or subject is not expressed in the title of the act.

In the case of *Gaskin* agt. *Meek* (*supra*), the title of the act passed upon was, " An act in relation to the fees of the sheriff of the city and county of New York, and the fees of referees in sales in partition cases."

The court of appeals held that this title did not express the subject of the exclusive power of the sheriff of the county of New York to conduct sales under the decrees of the courts of record, and accordingly declared the act invalid.

So in *The People* agt. *The Commissioners of Highways of Town of Palatine* (53 *Barb.*, 70) the general term of the supreme court decided that where the object of the act was to authorize the commissioners of highways of a certain town to *reduce the width* of a road, and the act was entitled " An act to *regulate* a road in the town of Palatine, Montgomery county," the subject of the act was not expressed in its title, and that the same was void.

Surely, if the subject of an enactment " to alter and reduce the width " is not sufficiently expressed by the terms " to regulate " in the title of the act, it is plain that the title of the tax levy of 1869 is insufficient to indicate a design on the part of the legislature to change or alter the general municipal powers of the defendants.

If, however, any doubt could still exist, the same is removed by the recent decision of the court of appeals in *Huber* agt. *The People* (44 *How.*, 375), which, in my opinion, is decisive on this point.

In that case the question before the court was the constitutionality of a section of the tax levy of 1870, the title of which is almost word for word like that of the tax levy of 1869 ; and it was held that the forty-ninth section, by which the legislature designed to reorganize the court of special sessions of this city, is unconstitutional and void.   Judge ALLEN, in delivering the opinion of the court of last resort, says : The title of the act does not indicate an intent to change the forms or alter the character of the city government in any way, *or to amend the charter*, when the legislature intends that the title expresses the intent and characterizes the act (*See laws of* 1870, *chap.* 137 ; *laws of* 1871, *chaps.* 573, 574). To provide, is to procure beforehand for future use, to furnish, to supply, to procure supplies, or means of defense ; and to make provision is to provide means or supplies.  *    *    * Provision is made for the government, by placing at its disposal the ways and means for the payment of its officers and its necessary expenses.

It would do violence to language to hold, that an act to make provision for the city government was an act to create, to reorganize, or to change the government or its organic law in any respect.

As to the point made by the defendants' counsel, that the plaintiff cannot be allowed to take judgment in the absence of proof that there is money in the city treasury applicable to the payment of his claim, I think that the court can order judgment in his favor, if he is otherwise entitled to the same, without requiring him to furnish such proof.

It is true the act of 1866 provides that "no judgment in an action upon contract shall be entered, by default or otherwise, in any court against said corporation, except upon proofs in open court that the amount sought to be recovered in said judgment still remains unexpended in the city treasury to the credit of the appropriation to the specific object or purpose upon which the claim sued for is founded" (*Laws of* 1866, *chap.* 876, § 10); and the general term of the supreme court, in the case of *The Tribune Association* agt. *The Mayor, etc.* (48 *Barb.*, 240), held that this provision must be complied with and the requisite evidence furnished, before a party can obtain a judgment against the city.

But a careful examination of the entire tenth section, and also of the other provisions of the act, will show that this prohibition in respect to the entry of judgments against the defendants was intended by the legislature to be limited to the year in which the act was passed, and relates only to the appropriations made by that act for the expenditures and liabilities of that particular year.

A similar view of this provision was taken by judge FANCHER, of the supreme court, in a well considered opinion recently delivered by him, in the case of *Quinn* agt. *The Mayor, etc.* (44 *How., supra*).

It is worthy of remark, that the construction above given is further confirmed by the fact that by the sixth section of a like act, passed in the following year (*Laws* of 1867, *chap.* 586, §

Sullivan agt. Mayor, Aldermen and Commonalty of City of New York.

6), the necessity of furnishing such proof, before judgment can be entered against the defendants, is in express terms restricted to judgments in actions upon contracts made in the year 1866.

It is, therefore, clear to my mind, that upon the proofs in this case the plaintiff is entitled to judgment as claimed by him, with costs.