THOMAS SWEENY *against* THE MAYOR, ALDERMEN AND COM-
MONALTY OF THE CITY OF NEW YORK.[*]

An attendant on the Court of Common Pleas for the city and county of New
York, appointed under the act of 1853 (L. 1853, c. 529), who performs the du-
ties in connection with that court which formerly devolved on the regularly
appointed constables or marshals, such as attending the court during its sit-
tings, preserving order, taking charge of juries during their deliberations, tak-
ing into custody persons committed by the court until they are transferred to
the custody of the sheriff, and who takes the constitutional oath of office, and is
sworn when taking charge of a jury, is an officer of the city and county of New
York within L. 1870, c. 382, § 3, by which the board of supervisors were pro-
hibited from increasing the salary of any officer then in office.

APPEAL by defendant from a judgment of this court entered
on the verdict of a jury at trial term.

The complaint alleged that under the provisions of L. 1853,
c. 529, the plaintiff was appointed by the Court of Common
Pleas, on February 18th, 1868, an attendant on said court, and
that thereupon he entered upon the performance of his duties
as such attendant, and continued to perform the same up to No-
vember 1st, 1873 ; that by a resolution of the board of super--
visors of the county of New York, duly passed on May 26th,
1870, and approved by the mayor on May 27th, 1870, and to
take effect from the first day of June, 1870, the compensation
to be paid to the plaintiff as such attendant was at the rate of
$1,500 per annum ; that, notwithstanding the passage and adop-
tion of this resolution, he was paid at the rate of $1,200 only
per annum (the rate fixed by said board on December 20th,
1866), and continued to receive payment at that rate up to July
19th, 1872 ; that the balance of salary due him for the period
from June 1st, 1870, to July 15th, 1872 (computing his salary
at the rate of $1,500 per annum) was $639 55, which sum he
claimed to recover.

The answer alleged that by L. 1870, c. 382, § 3, which took
effect on April 20th, 1870, it was provided that the board of

supervisors of the city and county of New York should not increase the salary of any officer then in office, and that the plaintiff was an officer then in office in said city and county, and that the resolution increasing his salary was therefore wholly void and invalid.

The answer also alleged that the plaintiff had released the defendant from all further claim for salary for the period named.

At the trial the court held that the resolution of the board of supervisors was not invalid, and submitted the question of the release to the jury, who found for the plaintiff.

*E. Delafield Smith*, for appellant.

*Elliot Sandford*, for respondent.

J. F. DALY, J.—The plaintiff is a public officer, and the position he holds as an attendant or officer of the Court of Common Pleas is a public office (*People ex rel. Henry* v. *Nostrand*, 46 N. Y. 381). He performs the public duty of attending the court during its sittings, preserving order, taking charge of juries during their deliberations, and taking into custody persons committed by the court until they are transferred to the custody of the sheriff. In this court, at least, he takes the constitutional oath of office, and is sworn when taking charge of a jury. He receives a special appointment to the position, is one of a prescribed and limited number of such functionaries (Act of 1872, ch. 438), receives a fixed remuneration in the shape of a yearly salary, now fixed by the common council (Act of 1872, ch. 438) and formerly by the board of supervisors (Act of 1853, ch. 528), to which he is entitled until removed; he holds his place during the pleasure of the appointing power, and is removable only by direct notice (*Jarvis* v. *The Mayor*, 2 N. Y. Leg. Obs. 396). The fact that in different statutes he is called "attendant" (Act of 1870, ch. 382, § 9; Code, § 28), or "assistant" (Act of 1870, ch. 582), or "officer," does not affect the question; it is to be decided with reference to the character of his duties. He comes within the definition of officer cited in the case of *The People ex rel. Henry* v. *Nostrand*

(46 N. Y. 381), and approved therein. His duties are insep-
arably connected with the administration of justice, in the con-
duct of the business of the court when open to the public for
the trial of causes. Such duties have never been performed
except by officers. Formerly they devolved upon the regularly
appointed constables or marshals, of whom a sufficient number
were to be summoned by the sheriff to attend the sittings of
the court (2 R. S. 289, § 83). At common law the sheriff, in
his ministerial capacity, is the immediate officer of all courts of
record, to execute their writs and process, and enforce obedi-
ence to their orders. It is his ordinary duty to provide attend-
ing officers while they are in session, to preserve order, execute
the orders, and aid in the performance of the duties of the
court ; and in case of his neglect or refusal to do so, such courts
have the incidental power to appoint such officers, for other-
wise they could not hold a court (Com. Dig. Courts, P. 4; Bac.
Ab. Courts, E; *State* v. *Trall*, 2 Const. R. [S. C.] 766; *State*
v. *Monk*, 3 Ala. 215).

By the Code it became the duty of the supervisors to pro-
vide attendants for the courts, and if they failed to do so, the
sheriff was obliged to, upon the order of the court (Code, § 28).
By a subsequent act, the courts in the city of New York were
empowered to appoint such officers (Act of 1853, ch. 528).
This was among the powers confirmed by the Constitution
(Const. art. 6, § 12, Amendment of 1869). A removal of such
power was attempted in 1870 (L. of 1870, ch. 382, § 9), but
two years later a statute was passed by the Legislature, repos-
ing the power of appointing their own attendants in the sev-
eral courts in the city of New York, where it has remained for
so many years, and where, considering the nature of the duties
to be performed by such officers, and their connection with the
administration of justice, it properly belongs (Act of 1872, ch.
438). These attendants, so appointed and superseding the con-
stables and marshals, possess all the powers of the latter while
attending the sittings of the court—no more and no less. The
case of the plaintiff is to be distinguished from that of Sullivan
(*Sullivan* v. *The Mayor*), who was the janitor of one of the
district courts in this city. Sullivan's duties were to take

charge of the rooms where the court was held, and keep them and the court property safely. He had no more to do with the administration of justice in the court than the maker of fires or sweeper of the floors.

The plaintiff was appointed an attendant in this court prior to the year 1870, and has held the office ever since his appointment. His salary was fixed by the board of supervisors, on December 20th, 1866, at $1,200. He has been paid at that rate ever since. He claims, however, salary at the rate of $1,500 per annum from June 1st, 1870, by authority of a resolution of the board of supervisors of that date fixing the salary of such attendants at $1,500 per annum—an increase of $300 per year. This action is brought to recover such increase from June 1st, 1870, when the supervisors fixed the salary at $1,500, to July 15th, 1872. Payment of the increase is resisted by the corporation, because the supervisors were prohibited by law from making such increase. It appears that the statute of April 26th, 1870 (L. 1870, c. 382, § 3), enacted as follows: "The supervisors are prohibited from creating any new office or department, or increasing the salaries of those now in office." The act in which this provision is found is the annual tax levy act for the county. A similar provision in a similar act passed in 1869 was held by the Court of Appeals to be constitutional (*Sullivan* v. *The Mayor*, 53 N. Y. 652, overruling a decision to the contrary contained in the opinion in same case in this court reported in 45 How. Pr. 152); and this provision is equally within the single scope and purpose of the local act in which it is contained. Such restriction on the powers of the board of supervisors of this county left them no authority to make the increase attempted by their subsequent resolution of June 1st, 1870, because that provision of law was applicable to persons in office, as this plaintiff was, at the time it took effect. It is said that the office held by plaintiff was not intended to be included in the prohibition of the 3d section of said act, because in the 9th section of the same act it was enacted that attendants on the courts should be appointed by the comptroller and their compensation fixed by him. This only shows that the supervisors had no authority after that act to fix his salary at any

sum. At all events, the only authority for the increase was the resolution of the board ; and whether that resolution to increase was in respect of a salary they had or had not a right to fix, it was equally in violation of an express prohibitory statute.

The judgment must be reversed, and judgment absolute entered for defendants.

DALY, Ch. J., and ROBINSON, J., concurred.

Judgment reversed, and judgment absolute ordered for defendants.