JOHN BRENNAN, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

Plaintiff's complaint alleged, in substance, that, in March, 1871, he was appointed by the then comptroller of the city of New York an attendant upon the Court of Common Pleas; that he entered upon his duties and continued to perform them until June 1st, 1872, and claimed to recover a balance of his salary unpaid. Defendants' answer simply denied these allegations. *Held*, that, under the pleadings, it was not competent for defendants to prove that the appointment of the plaintiff was in excess of the number of employes allowed by law, or that the funds for the payment of such employes were exhausted.

Also, *held*, that the pay-rolls prepared for the use of the comptroller in the payment of salaries were not competent evidence as against plaintiff to prove the number of attendants in regular service having rights prior or paramount to those of plaintiff.

Defendants claimed that the provision of the statute vesting the power of appointment in the comptroller, under which plaintiff was appointed (§ 9, chap. 382, Laws of 1870), was unconstitutional. *Held*, that, as prior to the passage of that act the court had the power of appointment (§ 1, chap. 529, Laws of 1853), plaintiff was not affected by this question; that, if the act was unconstitutional, the power remained in the court; that, as the employment was simply that of a servant, no particular form of appointment was necessary, but the court might accept the attendants appointed by the comptroller; and, as plaintiff was thus accepted, assigned to duty and continued in the service, doing the bidding of the court, and was certified as one of its attendants, this was sufficient proof of an employment and appointment by the court, entitling plaintiff to his compensation, irrespective of the acts of the comptroller.

(Argued June 16, 1875; decided June 25, 1875.)

| 62 | 365 |
| 168 | 1124 |
| 62 | 365 |
| 172 | 2320 |

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of defendants, entered upon an order dismissing plaintiff's complaint on trial.

This action was brought to recover a balance of salary alleged to be due plaintiff as one of the attendants of the Court of Common Pleas of and for the city and county of New York.

The complaint alleged, in substance, that, on or about March 1st, 1871, plaintiff was duly appointed, by the then comptroller of the city of New York, an officer or attendant upon the Court of Common Pleas, at a salary of $1,200 per annum; that he entered upon his duties and continued to perform the same down to June 1st, 1872; that he was paid his salary up to January 1st, 1872, but that the comptroller refused to audit, adjust or pay thereafter. The answer admitted the refusal to pay, and denied any information or belief of the other allegations of the complaint.

It appeared, upon the trial, that plaintiff received a written appointment, dated March 2, 1871, signed by the then comptroller, stating that, "under and by virtue of section 9 of chapter 382 of the Laws of 1870," plaintiff was appointed as such attendant; that plaintiff reported for duty, was sworn in and continued to act until May 20, 1872, when he was told his services were no longer required; that he obeyed the orders of the judges, and performed the usual duties of attendants upon the courts; that he received his pay monthly down to January, 1872. Defendants offered in evidence the pay-rolls of the Court of Common Pleas, made out by the clerk, from January to May, 1872. These were objected to by plaintiff, and objection overruled, and plaintiff duly excepted. There were borne upon this roll twenty-six attendants. Plaintiff's name did not appear upon the rolls. By the pay-roll of April, 1870, which was offered and received under objection, it appeared that there were then fourteen attendants. Defendants also proved, under objection that it was not set up in the answer, and exception, that the appropriation

for the payment of attendants for the time plaintiff claimed was exhausted.

At the close of the evidence defendants' counsel moved for a dismissal of the complaint, which was granted.

*Franklin Bartlett* for the appellant. The doctrine of *stare decisis* was not properly applied by the General Term to this case. (*Cobb* v. *Cornish*, 16 N. Y., 602; *Purchase* v. *Matterson*, 25 id., 211; Code, § 265; *Leavitt* v. *Blatchford*, 17 N. Y., 533, 543; *Sullivan* v. *Mayor, etc.*, 53 id., 652.) Plaintiff's appointment was not illegal. (Laws 1870, chap. 382, § 9; State Const., art. 3, § 16; *In re Astor*, 50 N. Y., 363; *Sullivan* v. *Mayor, etc.*, 53 id., 652; *Huber* v. *People*, 49 id., 132; *Drake* v. *Mayor, etc.*, 7 Lans., 342; *In re Mayor*, 50 N. Y., 506; *People ex rel. Rochester* v. *Briggs*, id., 553; *People ex rel. Davis* v. *Comrs. of Taxes*, 47 id., 501; *In re Volkening*, 50 id., 651.) The statute under which plaintiff was appointed is not unconstitutional as being in conflict with section 12, article 6 of the Constitution, as amended in 1869. (Laws 1870, chap. 382, § 9; Laws 1853, chap. 529, § 1; *People* v. *Fancher*, 50 N. Y., 288; *Landers* v. *S. I. R. R. Co.*, 53 id., 454–457; *Wood* v. *Kelly*, 2 Hilt., 337; Laws 1854, chap. 198, § 6; Laws 1847, chap. 280, §§ 3, 8, 16, 22, 29; Laws 1870, chap. 467, § 1; *King* v. *Poole*, 36 Barb., 242; Laws 1872, chap. 438, § 2.) Plaintiff's appointment was not in excess of the number allowed by law, and hence was not made *ultra vires*. (*Field* v. *Mayor, etc.*, *of N. Y.*, 6 N. Y., 189.) The clause of section 9, chapter 382, Laws of 1870, limiting the court attendants to the number then employed, must be construed in connection with section 1, chapter 529, Laws of 1853. (Sedg. on S. and C. Law, 232, 247–250; *Earl of Aylesbury* v. *Pattison*, Doug., 30; *Rogers* v. *Bradshaw*, 20 Johns., 743; *People* v. *Utica Ins. Co.*, 15 id., 379; *James* v. *Patten*, 6 N. Y., 9; *Har. Gas Co.* v. *Mayor, etc.*, 33 id., 324, 329.) It is no defence to plaintiff's claim that there is no money in the city treasury appropriated to the payment of his salary. (*Quinn* v.

*Mayor, etc.*, 63 Barb., 604; affirmed, 53 N. Y., 627; *Sulli-van* v. *Mayor, etc.*, id., 652.) The recognition and employ-ment of plaintiff as an officer of the court by the judges thereof, was in fact an appointment by such judges. (*Thomp-son* v. *Mayor, etc.*, 7 Robt., 543.)

*D. J. Dean* for the respondents. Chapter 382, Laws of 1870, is unconstitutional, and the plaintiff's appointment under it was therefore void, and cannot be the foundation of any liability against the city. (*Fairtitle* v. *Gilbert*, 2 D. & E., 169; *Hodges* v. *Buffalo*, 2 Den., 110, 112; *Mayor, etc.*, v. *Curtiff*, 2 Comst., 175; *Gaskin* v. *Meek*, 42 N. Y., 186; *People* v. *O'Brien*, 38 id., 193; *Huber* v. *People*, 44 How., 375.) His employment was made *ultra vires*, and he cannot recover for services rendered. (*Brady* v. *Mayor, etc.*, 2 Bosw., 173, 183; 20 N. Y., 312; *Appleby* v. *Mayor, etc.*, 15 How., 428; *Suprs. Rens. Co.* v. *Bates*, 17 N. Y., 242; *Smith* v. *Mayor, etc.*, 4 Sandf., 227; *Donovan* v. *Mayor, etc.*, 33 N. Y., 293; *Altemus* v. *Mayor, etc.*, 6 Duer, 446; *McSpedon* v. *Mayor, etc.*, 7 Bosw., 601; *Crown* v. *West Troy*, 42 Barb., 48.)

ALLEN, J. The plaintiff has been unfortunate in that in pursuing his claim for four months' service, as an attendant upon one of the courts of the city of New York, he has been compelled to test the constitutionality of a general provision of law relating to the courts of the city, and to force to a judicial determination a contest for power between the chief of the financial department of the city and the judges of the local courts of record. Still if the invalidity of any statute under which he took employment, or any defect of power in the officer by whom he was appointed, or any technical informal-ity in his employment, constitutes a legal bar to his recovery, his action must fail, notwithstanding the fact that he has rendered service in good faith, and with the assent of his superiors, the judges of the court, as well as the comptroller of the city.

Upon a careful examination of the record, I am of opinion that his right of action does not depend upon any of the questions argued at bar ; that we are not called upon to pass upon the important questions suggested ; and that, upon the evidence, whatever may be the right of those questions, the plaintiff is entitled to recover. Much of the evidence given upon the part of the defendant should have been excluded. First, as not being within any issue made by the pleadings ; and, secondly, as incompetent to prove the facts sought to be established. No affirmative defence is put forth in the answer. The defendants content themselves with traversing the allegations of the complaint. Under the issues thus made, it was not competent to prove that the appointment of the plaintiff was in excess of the number of employes allowed by law, or that the fund for the payment of such employes was exhausted. Again, the pay-rolls made out by clerks and others for the use of the comptroller in the payment of salaries were not evidence for any purpose as against the plaintiff, and were not competent to prove the number of attendants in regular service having rights prior or paramount to the plaintiff. But, assuming that the evidence was competent, and proved every fact which could legally be inferred from it, the plaintiff's rights were not affected by it. First, as to the source of the plaintiff's employment. Prior to the enactment of chapter 382 of the Laws of 1870, on the twenty-sixth of April of that year, vesting in the comptroller of the city the power of appointing and removing attendants in the several courts of the city and county of New York, except Police and District Courts, the courts had and exercised such power of appointment and removal. (Laws of 1853, chap. 529, § 1.) If this power was not constitutionally transferred to the comptroller by the act of 1870, it continued in the courts respectively, and each could employ its own attendants. Neither statute prescribed any form for employing, appointing or commissioning the attendants. They were not officers, but merely servants of the court, performing such

menial services as should be required of them from time to time. If the comptroller had the legal right and constitutional power to make the appointment, then the employment of the plaintiff was technically legal, and he was an attendant in actual service, under a formal and regular appointment from March, 1871, to May 20, 1872, and is entitled to recover the compensation by law payable to that class of public servants.

If the attempted transfer of power from the courts to the comptroller was futile as in contravention of the Constitution, the judges of the court might nevertheless acquiesce in the exercise of the power by that officer. The power as lodged in the judges was not judicial in its character, and did not affect the jurisdiction of the courts, or the public interests. It was rather a franchise personal in its character, and if by reason of doubt as to the validity of the law, or for any reason they chose temporarily not to assert the right but to accept the attendants appointed by the comptroller they might lawfully do so, and the attendants thus accepted and adopted, became the attendants of the court as well by the assent and employments of the courts, as the formal designation by the comptroller. Courts and judges cannot, as we have recently held, divest themselves at pleasure of jurisdiction over judicial matters and causes, but they can waive exercise of power, executive and ministerial in its character, in matters affecting only their own personal service and convenience, or accept the result of the action of others, accomplishing the same purpose. The plaintiff presented himself for service in March, 1871, reported himself to the clerk, and by the direction of that officer an oath of office was administered to him by a deputy clerk, and his duties were assigned him in part one of the court. He continued in that service at that place, under the eye of the judges and the court, doing the biddings of the judges, and observing the orders of the court, performing the usual duties of an attendant until May of the following year, when he was formally dismissed by the court through its clerk. This was an employment and appointment by,

and a serving as an attendant of the Court of Common Pleas by its direction, entitling the plaintiff to his compensation irrespective of the acts of the comptroller. The paper he held from the comptroller did not disqualify him. The evidence shows no conflict during all this time between the comptroller and the courts, or that the services of the plaintiff were not necessary, or that there were others in attendance, performing or ready to perform the same service. If the power was in the Court of Common Pleas to appoint their own attendants, and they could not forego the exercise of such power, and accept those designated by the comptroller, it was well exercised in respect of the plaintiff, by accepting the plaintiff upon his offer of service, employing him as an attendant, and recognizing him as such. It should be stated in addition that from March to January, he was certified by the court or its proper officers as one of the attendants, and paid as such.

Secondly. As to the suggestion that if the appointment was in the comptroller, the appointment of the plaintiff was in excess of the number allowed by law. This objection is inconsistent with the position taken by the counsel for the corporation, that the power of appointment was in the court, for the reason that by the act of 1853 the court might appoint all necessary attendants. But the great difficulty in giving effect to the objection is, that it is nowhere disclosed how many attendants were in the employ of the Court of Common Pleas in March, 1871, when the plaintiff was first appointed and entered upon his duties. It is claimed that in April, 1870, there were fourteen. Whether all or any of those continued in service until March, 1871, does not appear. There is no evidence that there was more than one other attendant at the latter date, or while the plaintiff was in service, in part one of the court. It cannot be inferred that the fourteen living and in service in April, 1870, continued in the same service in March, 1871, when no such fact is alleged in the answer, and to defeat a claim for services actually performed. The presumption is that officers and courts do not

exceed their powers in the performance of ministerial duties. It is claimed, but not proved, that twenty, exclusive of the plaintiff, were in the service from January to May, 1872, the period for which the plaintiff seeks to recover compensation. If this be so they may have been and probably were appointed after the plaintiff's employment, and without notice to him; and if so it would be unjust to hold him to have forfeited his right to compensation. He left on being notified that his services were no longer needed; and until that notification he was an attendant of the court, properly appointed and holding his place. Those subsequently appointed or appointed after his service commenced, must be the losers, if more were appointed than could legally be paid. As the limitation in the number of attendants seems to have been merely a restriction upon the power of the comptroller to appoint, it is possible that the appointments on and after January were by the court, which did not regard the restriction as operative upon it.

The plaintiff's claim is equitable and the defence technical in the extreme, and is not sustained.

The judgment must be reversed and a new trial granted.

All concur.

Judgment reversed.