# HARRIS WINES, PLAINTIFF, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, DEFENDANT.

*Attendant upon the Marine Court — salary of — power of board of supervisors over.*

Under the provision of chapter 582 of 1870, relating to the Marine Court of the city of New York, the board of supervisors are authorized to fix the salaries of the officers and attendants of the said court, notwithstanding the prohibition against creating any new office or increasing the salaries of those then in office, contained in section 3 of chapter 382 of 1870.

*Sweeney* v. *Mayor* (58 N. Y., 625; 5 Daly, 274) distinguished.

The question whether the attendants upon the courts of the city of New York are officers of the said court, or merely the servants thereof, considered.

MOTION by the defendant for a new trial on exceptions ordered to be first heard at General Term, after a verdict directed for the plaintiff.

*Elliot Sanford*, for the plaintiff.

*Charles P. Miller*, for the defendant.

DANIELS, J.·

The verdict which the plaintiff recovered was for the difference between $1,200, which was fixed by the board of supervisors, in 1866, for his salary as an attendant of the Marine Court, and

$1,500, the sum to which by a resolution adopted by the same board, it was advanced on the 27th of May, 1870. The ruling made at the trial by which the recovery for this difference was allowed was excepted to as erroneous, because of a provision contained in chapter 382 of the Laws of 1870, prohibiting the board of supervisors of the county of New York from creating any new office or department, or increasing the salaries of those who were then in office, or of their successors. (Vol. 1, Laws of 1870, 878, § 3.) That went into effect on the twenty-sixth day of April before the resolution in question was adopted; and if it was within this provision of the statute, it is the duty of the court to declare it void.

In the case of *Sweeny* v. *Mayor,* etc. (5 Daly, 274), it was held that an attendant on the Court of Common Pleas was an officer within the meaning of this provision, and this decision was afterwards affirmed by the Court of Appeals (58 N. Y., 625). The determination proceeded upon the definition given of an office by the chief judge in the course of his opinion in deciding the case of *People* v. *Nostrand* (46 N. Y., 375). This decision would be controlling over the right of the plaintiff to recover in this case, if it were directly applicable to the facts as they have been proven. But it is not, for the reason that another provision was enacted concerning the attendants upon the Marine Court of the city of New York, which went into effect the second of May. That was before the adoption of the resolution declaring the increase in the salary of the plaintiff. It provided, that besides the clerk, his assistant and deputies, the court should "have power to appoint such other assistants, stenographers, interpreters and attendants as the board of supervisors may, from time to time, by resolution, authorize to be so appointed, who shall, respectively, be paid at such rates as may be fixed by the said board of supervisors" (vol. 2, Laws of 1870, 1347, chap. 582, § 3), and that in its terms was broad enough to sustain the resolution adopted. It is to be presumed from the action of the board that the plaintiff was within the number of attendants it authorized to be appointed, and from his continued employment that he retained his position with the approbation of the court. These circumstances were sufficient to bring him within the power of the board, for the purpose of enabling it to fix the amount of his salary; and it was probably so considered

when the action was taken which resulted in the adoption of the resolution.

It has, however, been urged that this section of the statute was not constitutionally enacted, because the subject was not contained in the title of the act. That was entitled, "An act to reduce the several acts in relation to the Marine Court of the City of New York into one act, and to extend the jurisdiction of said court." In substance and effect, as this described it, it was an act defining the power and authority of the court; and as a proper incident of it the court was empowered to appoint its attendants, subject to the qualification that they should not exceed in number those considered by the board to be sufficient; nor receive a compensation beyond what it should deem to be adequate. These were incidents of the general purpose of the act as the title described its subject, and therefore, not inappropriately, made a part of it. The object was to define the powers of the court, and this could very well be included under its title, without violating the constitutional provision existing upon that subject. In the case of *Holley* v. *Mayor, etc.* (59 N. Y., 166), this provision of the statute was considered by the Court of Appeals, but no doubt was intimated in any form as to its validity. It was acted upon by that tribunal as possessing all the authority of a regularly enacted law; which would not have been the case if it had been obnoxious to this objection. And on that account this decision is at least a tacit authority against the position now taken in support of the present motion.

For the reasons already assigned, as well as the support afforded to this provision of the act by that authority, it should be sustained as a constitutional exercise of legislative power; and as it in terms gave the board the authority to fix the salaries of the attendants of the Marine Court, and they were so fixed by the resolution afterwards adopted, the plaintiff was entitled to recover the amount allowed to him on the trial. In this respect the case is distinguishable from the decision made upon the action brought by Sweeny. He was an attendant upon the Court of Common Pleas, to which this last act did not apply. And if he was an officer of that court, as it was then held he was, the board of supervisors was forbidden to increase his salary. But even if the plaintiff were an officer,

that result would not follow in his case, because he was an officer of the Marine Court, over whose salary complete authority had been given to the board of supervisors, by the act exclusively applicable to that court, and afterwards enacted. He was not an officer whose salary could not be increased, because of the prohibition contained in the act of April 26, 1870, for the reason that in six days after that, the power of the board over it was restored by the other enactment. Such legislation is not to be commended, because of its instability and apparent disregard of public interests. But after it has been invested with all the authority of law, the courts are not at liberty to disregard it. Although apparently injudicious, it must be enforced, as all other laws constitutionally enacted are required to be.

Besides that, the case of *Sweeny* v. *Mayor, etc.* (*supra*), seems to have been shorn of its authority by later decisions of the court which finally determined it. In that case it was held upon mere proof of the fact that plaintiff was an attendant upon the Court of Common Pleas; that he was made, by virtue of that position, an officer. But in the case of *Brennan* v. *Mayor, etc.* (62 N. Y., 365), which was decided without reference to the other case, it was said that "attendants were not officers," but merely servants of the court, performing such menial services as should be required of them from time to time. (Id., 369, 370.) According to this decision, if this announcement is to prevail, even the attendants upon the Court of Common Pleas, which were held in the case of Sweeny to be officers, must be regarded as merely servants of the court, and not officers in any sense of that term. In this respect the case of *Holley* v. *Mayor, etc.* (59 N. Y., 166), was followed by the more recent decision. In that case it was held that an attendant of the Marine Court was merely "the servant of the court, with no duties except to attend its sittings and do the biddings of the judges. There is no analogy between the position occupied by him and that of executive, administrative or judicial officers charged with official duties and responsibilities affecting the public." (Id., 170, 171.) In the last case cited the nature of the position of an attendant seems to have necessarily employed the consideration of the court in making the decision. But it is not so clear that the same thing was true in the other case. But together

they seem to be sufficient authority for the conclusion that an attendant is not to be considered an officer, as he was unequivocally held to be by the decision of *Sweeny's Case*, and if that be the law, then for that reason the plaintiff could not be included in the prohibitory clause concerning salaries contained in section 3 of chapter 382 of the Laws of 1870.

It may be when the powers and duties of attendants upon the courts in this department are again fully brought to the attention of the Court of Appeals, that the authority of the *Sweeny Case* will be revived. If attendants upon the various branches of the Supreme Court in this city are not officers, the courts seem to be deprived of all officers but the clerk and one crier. And those persons who preserve order, execute the orders of the courts, take charge of the juries, act as criers of the several courts, and perform all the acts of officers of courts held in other counties, are simply servants, and not officers, in the legal sense of that term. This would seem to be the result of a misapprehension of their functions and duties.

But as the authorities now stand, they appear to maintain the conclusion that an attendant is not to be considered an officer. And they, instead of *Sweeny's Case*, which held the contrary, must be regarded as probably controlling, unless the court of last resort, upon a further examination into the powers and duties of these attendants upon the courts, shall deem them to be unsound, and apply its own constructing power to their rectification and the restoration of the authority of the earlier case. But as the statute applicable to the attendants upon the Marine Court is necessarily controlling over this case, its decision can be safely placed upon that ground, without speculating upon the effect of further investigation into the functions and duties of attendants upon courts in this department. The motion for a new trial should be denied, and judgment for the plaintiff ordered upon the verdict.

DAVIS, P. J., and BRADY, J., concurred.

Motion denied. Judgment ordered for plaintiff on verdict.