By the Court.—Freedman, J.
Plaintiff’s claim to compensation rests upon his appointment by the board of supervisors, his recognition as such appointee by the judges of the court, and the rendition of services in pursuance thereof. The answer of the defendants, as interposed, contained two distinct defenses pleaded separately, The first was to the effect that the supervisors had no power to appoint, and the second put in issue the rendition of the services. They were not connected by any averment.
On plaintiff’s demurrer to the first defense it was *206 held at special term (50 How. Pr..91), upon the authority of Brennan v. Mayor, &c. (62 N. Y. 365), that the naked plea of want of authority in the supervisors was, in the absence of any denial of the alleged adoption and ratification of the appointment by the court, insufficient in law to constitute a defense, but leave was granted to the defendants to amend their answer on payment of costs.
Of this privilege they did not see fit to avail themselves, nor did they appeal, and consequently the adjudication of the special term disposed of defendants’ first defense.
Under the former practice, when judgment was given for the plaintiff upon his demurrer to a plea, the defendant was bound in all cases in which the judgment given was not a final one, but merely a respondeas ouster, to plead anew, or his default in not pleading could be entered; and though the nature and office of the demurrer have been essentially changed under the new system introduced by the Code, yet the effect of an adjudication such as has been made in this case, is very much the same as it was before. The defense which has been disposed of by the proceedings on the demurrer is no longer available.
Moreover it appears that the allegation of plaintiff’s amended complaint that the several judges of the court recognized and employed the plaintiff in and about said court as an attendant, is nowhere denied in the answer, and hence it must, under the requirement of section 168 of the Code, be taken as true for the purposes of the action.
It is therefore plain that the only issue to be determined on the trial related to the rendition of the services. On this point the testimony was sufficient to authorize the direction of a verdict. Defendant’s counsel did nob ask to have this question submitted to the jury. True, he asked to be allowed to go to the *207 jury on the question of recognition. But that question, as already showed, was not in issue, and having made a request for a specific purpose, for which he had no right to make it, he cannot on appeal and on a mere exception resort to it for another and different purpose (Schroff v. Bauer, 33 N. Y. Superior Ct. 199, and cases there cited).
None of defendants’ exceptions being tenable, the exceptions should be overruled and judgment absolute ordered for plaintiff on the verdict, with costs.
Curtis, Ch. J., and Sanford, J., concurred.