ADAM MOSER, RESPONDENT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANTS.

*An attendant upon the Marine Court of New York is an officer thereof—chapter 382 of 1870—chapter 582 of 1870—when the respondent cannot produce before the appellate court, documentary evidence to sustain the judgment.*

An attendant of the Marine Court of the city of New York holds an "office" within the meaning of that term, as used in section 3 of chapter 382 of 1870, prohibiting any increase in the salaries "of persons then in office, or their successors."

Where, upon the trial of an action brought by one, claiming to have been appointed an attendant upon the Marine Court, under a particular act, to recover the salary attached to such office, his attention is specifically called to the fact that he has failed to prove an appointment thereunder, he cannot, upon the hearing of an appeal taken by the defendant, from a judgment rendered against it, introduce documentary evidence to prove that in fact he was appointed thereunder.

APPEAL from a judgment in favor of the plaintiff, entered on a verdict directed at the Circuit.

*W. C. Whitney,* for the appellant.

*Jacob A. Gross,* for the respondent.

BARRETT, J. :

The plaintiff was appointed an attendant of the Marine Court, on or about the 1st of April, 1868.    His salary was fixed at $1,200

per annum, which has been fully paid in monthly installments of
$100. His present demand is for an additional sum of $25 per
month, which he claims under a resolution of the board of super-
visors, passed in the year 1870, fixing the salaries of these attendants
at $1,500 per annum. After the adoption of that resolution the
pay-rolls were made out as formerly, and the plaintiff regularly
receipted each month for $100 in full. He did this, however, under
protest, and always demanded the additional sum. The resolution
in question covered the attendants of the Supreme Court, the
Superior Court, and the Court of Common Pleas, as well as of the
Marine Court. It seems to have been adopted in the face of the
prohibition against increasing the salaries " of persons then in office
or their successors," contained in chapter 382 of the Laws of 1870
(§ 3). That the plaintiff was a person " then in office," within the
spirit of the act, and the mischief aimed at, cannot well be doubted.
Besides, these court officers are not in any just sense servants of the
judges. Their number, appointment and salary are regulated by
law. Their duties, *e. g.*, the preservation of order, and the care of
juries, are public, well defined and by no means menial. They
have nothing to do with the cleaning or heating of the court-rooms.
Such functions are performed by subordinate employees of the city.
The weight of authority favors this view. (*Sweeny* v. *The Mayor*, 5
Daly, 274 ; affirmed, 58 N. Y., 625 ; *The People* v. *Nostrand*, 46
N. Y., bottom of p. 381 ; *Rowland* v. *The Mayor*, 44 N. Y. Super.
Ct., 559 ; Bouvier, title " Office ;" Burrill's Dic., title " Office ;" and
see the able and elaborate MS. Opinion of Chief Judge DALY in
*Clark* v. *The Mayor*.) In *Wines* v. *The Mayor* (9 Hun, 659) it
was thought that *Sweeny* v. *The Mayor* was shorn of part of its
authority by certain remarks of Mr. Justice ALLEN in two later
cases. (*Holley* v. *The Mayor*, 59 N. Y., 166, and *Brennan* v. *The
Mayor*, 62 N. Y., 365.) We agree with Chief Judge DALY in his
analysis of these two cases (in *Clark* v. *The Mayor*), and as the
*Wines case* has since been affirmed without any suggestion that the
court intended, in either the Holly or the Brennan case (where
indeed the question was not necessarily involved), to overrule the
direct authority of *Sweeny* v. *The Mayor*, we must conclude that
the latter is still unshaken.

It is insisted, however, that so far as the Marine Court is concerned the prohibition in question was removed by an act having special reference to that court, which was passed a few days later (May 2, 1870). The language of this act (Laws of 1870, ch. 582, § 3) is as follows :

" Sec. 3. The existing provisions of law relative to the appointment of the clerk, his assistants and deputies, are continued in force. The court shall have power to appoint such *other* assistants, stenographers, interpreters and attendants as the board of supervisors may from time to time, *by resolution*, authorize to be so appointed, who shall respectively be paid at such rates as may be fixed by the said board of supervisors."

This undoubtedly authorized the supervisors to fix the salaries of such *other* attendants as, *under the authority of their resolution*, might subsequently be appointed by the court. The difficulty with the plaintiff's case is, that he did not show any such appointment. He rested upon his original appointment in 1868. His attention was specially called to the omission by the fourth ground upon which the defendants moved to dismiss his complaint. He now seeks to cure the defect of proof by offering us, upon the present appeal, an extract from the proceedings of the board of supervisors of December, 1871. Under these circumstances, such evidence cannot properly be now received. It was held in the *Wines case* (70 N. Y., 614), that for the purpose of upholding a judgment, formal proof of an appointment could be given on the argument of the appeal. This was for the reason that no attention had been called to the defect, *upon the trial*, the appointment having *been assumed throughout.* Here, there was a motion to dismiss on the specific ground, which was overruled and an exception taken. *Non constat* but if the proof had been put in, the defendants would have met it by other evidence. The case cannot be retried in this manner upon an appeal. Further, we have looked at the document and are by no means clear as to its supposed conclusiveness. It appears that the Marine Court distinguished between appointees under prior laws, and the " other " attendants authorized by the act in question. They are placed in separate lists. In the one, the appointments purport to

be made by the judges alone. In the other, the act is specifically referred to, the appointments are styled " additional," and are made " subject to the confirmation of the board of supervisors." Wines was among these additional appointments, which accounts for the ruling in his case. The plaintiff was in the other list, and it does not appear that he was confirmed by the board, or indeed that the board was asked to confirm him. The list of independent appointments would seem to have been furnished, not for official action thereon, but for the information of the board, so that being thus apprised of the number of attendants then in office, the supervisors might judge advisedly as to the propriety of confirming the *proposed* list of *additional officers*. It is such *other* or *additional* attendants, so appointed by the court under the authority of the supervisors' *resolution*, who are to be paid at rates to be fixed by the board. But even if the plaintiff were included in the action of the board, his rights thereunder would date but from the confirmation in December, 1871, which fact of itself would seem to necessitate a readjustment of the damages.

In any view of the case, there should be a new trial, with costs to the appellant to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.