GEORGE W. MASON, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

*Attendant upon Marine Court—appointment of—1870, chap. 382 and chap. 582— right to receive a larger salary than is paid and received—when the right to sue for it is barred by the statute of limitations.*

The plaintiff was appointed an attendant upon the Marine Court by the comptroller of the city of New York on the 31st day of May, 1870. The comptroller acted under section 9 of chapter 382 of 1870, but that act had been impliedly repealed by chapter 582 of 1870, which conferred the power of appointment upon the court itself. The plaintiff claimed that although his appointment was void, yet as he had acted as an attendant with the assent of the court that was equivalent to an appointment by the court, and that he was therefore entitled to the salary fixed by the resolution of the board of supervisors, which took effect on June 1, 1870.

*Held,* that as the latter act only authorized the court to select such attendants as the board of supervisors might authorize to be appointed, and as no resolution authorizing the court to make such appointments had been shown to have been passed after the passage of chapter 582 of 1870, the plaintiff's claim could not be sustained.

The plaintiff claimed to recover the difference between the monthly sum of $100 paid to him from June 1, 1870, to December 1, 1871, and the monthly sum of $125 for the said months, he claiming that the latter sum was the salary which he was entitled to receive as an attendant upon the Marine Court. He testified that when the monthly payments were made to him he protested against receiving only $100 a month and claimed $125.

*Held,* that the plaintiff's right of action, for the additional amount which he claimed, accrued at the times that each of the said payments was made, and that as this action was not brought until June 21, 1880, it was barred by the statute of limitations.

Appeal from a judgment in favor of the plaintiff, entered on a verdict directed by the court.

*D. J. Dean,* for the appellant.

*John C. Tomlinson* and *Thomas C. E. Ecclesine,* for the respondent.

Daniels, J.:

By the verdict which was rendered, the plaintiff was awarded the difference between the monthly sum of $100 paid to him from

the 1st of June, 1870, until the 1st of December, 1871, and the monthly sum of $125 for said months. He was an attendant during that time upon the Marine Court, and the verdict in his favor was directed under the effect of a resolution of the Board of Supervisors, which took effect upon the 1st of June, 1870, declaring the salary of an attendant upon the Marine Court to be the sum of $1,500 per annum.

He was appointed such attendant on the 31st of May, 1870, by the comptroller of the city of New York. This appointment was made under the authority of section 9, chapter 382 of the Laws of 1870. But before this appointment, by chapter 582 of the Laws of the same year, this provision of chapter 382 was repealed by implication. For, by the later act, the power to appoint the attendants for the Marine Court was vested in the court itself. (Chap. 582, Laws of 1870, § 3.) And the effect of this change was necessarily to render the appointment by the comptroller to be without authority. But as the plaintiff was allowed to serve in the capacity of an attendant upon the court from the 1st of May, 1870, to the 1st of December, 1871, with the apparent assent of the court itself, it has been urged that this was equivalent to an appointment by the court, under the authority of *Brennan* v. *The Mayor* (62 N. Y., 365). And such would be the effect of this circumstance were it not for the fact, that the act conferring the power of appointment upon the court, in terms restricted its exercise to the selection of such attendants as the Board of Supervisors might, from time to time, by resolution, authorize to be so appointed. No resolution of this nature was shown to have been adopted by the Board of Supervisors after the passage of chapter 582 of the Laws of 1870, or during the time for which the verdict was allowed to be recovered. And in that respect this case differs very essentially from that case, and also from that of *Wines* v. *The Mayor* (9 Hun, 659; affirmed, 70 N. Y., 613). For it was made to appear in the latter that his appointment was authorized by a proper resolution of the Board of Supervisors.

The scheme embodied in the act was that the supervisors should provide by their resolution for the number of attendants who might afterwards be appointed, and then it was for the court itself to make the appointments. The adoption of the resolution was necessarily

a circumstance required to precede the exercise of the appointing power by the court. And, as no resolution appears to have been adopted under whose authority the court could lawfully appoint the plaintiff as an attendant, the present case cannot be controlled by that of *Brennan* v. *The Mayor* (*supra*).

As the facts were made to appear, the plaintiff performed his services solely and wholly under the authority of the appointment made by the comptroller, and that conferred upon him no legal right to the position, or to the difference in the compensation allowed by the verdict, for it was only as to the persons who might lawfully be selected as attendants under the authority of chapter 582 of the Laws of 1870 that the supervisors had the power of fixing the rates of compensation. (Id., § 3.)

The resolution of the supervisors, advancing the compensation of attendants upon the Marine Court from $1,200 to $1,500, was consequently inapplicable to the plaintiff's case, for he did not enter upon his employment under the authority provided for by the statute, and the consequence is that the supervisors had no power to increase his compensation. This point was considered in *Moser* v. *The Mayor*, etc. (21 Hun, 163), when that case was first before the General Term, and it was then held that this state of facts would not warrant a recovery.

It appeared by the evidence of the plaintiff upon the trial that he was paid his monthly salary by the comptroller, at the rate of $1,200 a year, for the time during which he was engaged in the performance of his services as an attendant upon the Marine Court; that, when such payments were made to him, he protested against receiving only $100 per month, and stated that he understood his wages were $1,500 a year, or $125 per month. At the times of these respective payments, he stated that he also claimed $125 per month, and that such was the fact as to each payment down to the time when the last of them was made to him. This action was not commenced until the 21st of June, 1880, and because of that circumstance it was insisted that the right to maintain it had been barred by the statute of limitations. What transpired at the time when the respective monthly payments were made was substantially a demand from the comptroller of the additional twenty-five dollars for each month during the time the plaintiff attended the

Marine Court. These several claims, if any demand whatever was necessary for the purpose, matured the plaintiff's right of action. If he was entitled to the money, the right to recover it accrued when these demands were made. No authority has been cited requiring anything more formal than that which is stated to have taken place, and in this respect the case differs from those of *Fisher* v. *The Mayor* (67 N. Y., 73), and *Taylor* v. *The Mayor* (Id., 88). But, even upon the facts in those cases, such a claim of the amount insisted upon would probably have been sufficient to comply with what the statute had required. If the plaintiff was entitled to receive the additional monthly sum of twenty-five dollars, nothing further could have been required from him than the performance of the services appearing to have been rendered and the claims of payment appearing to have been made. That certainly, with the claims repeatedly made that these additional amounts should be paid to him, dispensed with everything that might by any possibility be further required to entitle him to the money. By the terms of the statute (3 R. S. [6th ed.], 477, § 91) applicable to such a claim, an action for its recovery was required to be brought within six years after the right to the money had accrued. This action was not so brought, and for that, as well as the reasons previously assigned, the plaintiff is not entitled to maintain it.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., DANIELS and DWIGHT, JJ.

Judgment reversed, new trial ordered, costs to abide event.