JACK A. NADAL, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

City Court of New York, New York County, January 27, 1934.

*J. Lester Fierman,* for the plaintiff.

*Paul Windels, Corporation Counsel,* for the defendant.

WENDEL, J. The action is brought by the plaintiff, as assignee of Julius Silver, assignee of Frank I. O'Neil, to recover salary claimed to be due O'Neil by the defendant. The facts, which are not substantially disputed, are as follows: In May, 1922, Frank I. O'Neil was appointed an attendant of the Court of General Sessions of the County of New York. On May 1, 1931, he was wrongfully and illegally suspended from duty, without pay, by the board

of judges of said court. Subsequently and on or about May 30, 1932, the board of judges of said court, by resolution, voluntarily reinstated O'Neill as such attendant, which reinstatement was accepted by him, and he thereafter continued to hold his position until May 31, 1932. No part of his salary has been paid him between the date of his discharge and May 31, 1932, and this action is brought to recover the same. Defendant sets up four defenses, but the question of the sufficiency of the first and fourth defenses is only here involved, and hence these only will be considered. The first defense which is pleaded as an offset is that O'Neil during the period of the suspension was otherwise employed and earned in such other employment and was paid for his services the sum of $2,409. The defendant alleges and claims that it is entitled to deduct said sum from the salary due O'Neil during the period of his suspension. O'Neil was a public officer. The position he occupied was created by law. The duties of that position were of a public nature; the compensation was fixed by law and paid out of the public treasury. The emolument to which he was entitled by law was, therefore, an incident of his office. The set-off attempted to be urged by the defendant may not, therefore, be considered. (*People ex rel. Ryan* v. *French*, 91 N. Y. 265; *People ex rel. Henry* v. *Nostrand*, 46 id. 375; *Sweeney* v. *Mayor, etc.*, 5 Daly, 274; affd., 58 N. Y. 625.)

The other defense interposed is that the assignment to plaintiff was champertous and in violation of section 274 of the Penal Law. The facts failed to show that the assignment was made for the sole purpose of bringing suit thereon, and hence the same is not within the purview of the statute. The claim that plaintiff is not the real party in interest and, therefore, not entitled to prosecute this action is without merit. (*Spencer* v. *Standard Chemicals & Metals Corp.*, 237 N. Y. 479.)

Motion for partial summary judgment is ordered for the plaintiff against the defendant for $2,000, with interest, plaintiff consenting to the reduction of $286.93. Execution stayed three days after service of a copy of the judgment herein with notice of entry. Order signed.