[No. 19148.   Department One.   August 19, 1925.]

LOUIS FRATES, *Appellant*, v. MARTHA FRATES,
*Respondent*.[1]

DIVORCE (104)—CUSTODY OF CHILDREN—MODIFICATION OF DECREE.
Where daughters, for some time in the custody of their father and
stepmother, have reached the age of sixteen and eighteen years of
age and prefer to live with their mother, whose present conduct
has been exemplary and who is prosperous and has a home, she is
properly awarded their custody.

Appeal from a judgment of the superior court, for
King county, Tallman, J., entered January 8, 1924,
modifying a divorce decree as to the custody of
children, after a hearing on the merits.   Affirmed.

*V. A. Montgomery* (*Carl W. Bordsen,* of counsel),
for appellant.

*Elias A. Wright* and *Sam A. Wright,* for respondent.

BRIDGES, J.—The matters involved here have pre-
viously been before this court at least twice.   In 1917
the parties were divorced.   They had three minor
daughters.   The divorce decree awarded the custody
of them to the father, who is the appellant here.   Later,
each of the parties was remarried.   In 1918 or 1919, the
mother, who is the respondent here and whose name
is now Smith, petitioned the court to so modify the
original decree as to award her the custody of the
children.   This the lower court did.   On appeal, we
reversed that order and permitted the children to re-
main with the father and their stepmother.   *Smith v.
Frates,* 107 Wash. 13, 180 Pac. 880.   Later, the matter
was again before us on matters only incidentally con-
nected with the custody of the children.   *Smith v.
Frates,* 116 Wash. 108, 198 Pac. 732.   Again, about a

[1]Reported in 238 Pac. 573.

year ago, the mother asked such modification of the original decree as that the two older children should be given into her custody. After a somewhat elaborate hearing, the court granted this petition. It made an order modifying the original decree to the extent that the two older children, to wit, Marie and Irene, were placed in the custody of their mother, with the privilege on the part of the father to see them at any reasonable time, and requiring him to pay to the mother $30 per month for the partial support of the children. The decree was not modified as to the youngest child. This appeal is from this order.

The oldest daughter is now past eighteen years of age, and the second child is past sixteen. They have reached that time in life (particularly the oldest one) when the courts can be of but little service to them. They are apparently intelligent and capable girls. They are, to a great extent, capable of carving out their own careers. At least, the courts should have great respect for their wishes in matters such as we are here dealing with. They have been in the custody of their father and stepmother for several years past. While the latter have been severely criticised in the testimony, we can see no reason to believe that they have not, during all these years, taken good care of the children. But, for some reason, the latter have formed a dislike for their stepmother. They do not longer want to abide with her; they want to be given into the custody of their mother. She and her present husband now live, and for some years past have lived, in Yakima and they own a home in that city. They are fairly prosperous. Whatever faults the mother may have had in the past, the testimony seems to indicate that, in recent years, her conduct has been exemplary and there is no reason to believe that the moral or physical

welfare of the children will suffer if she be given the custody of them.

After very carefully reading the testimony, we have concluded to affirm the judgment appealed from; not because we think the children have not had a good home with their father and stepmother, and not because they have not been properly raised and provided for there; but chiefly because of the wishes of the children themselves, and the fact that there appears to be no good reason at this time why they will not be given a good home with their own mother. Everything else being equal or tolerably so, children, and particularly daughters, should have the care of their natural mothers, and this sentiment inclines us greatly towards an approval of the action of the trial court.

The judgment is affirmed.

TOLMAN, C. J., PARKER, MACKINTOSH, and MAIN, JJ., concur.