(No. 6555. October 3, 1938.)

NEMA ASHTON, Respondent, v. ALAN W. ASHTON, Appellant.

[83 Pac. (2d) 991.]

Roy L. Black, for Appellant.

Jones, Pomeroy & Jones, for Respondent.

HOLDEN, C. J.—Nema Ashton, a music teacher, and Alan W. Ashton, an accountant, were married in March, 1922. About fourteen years later the parties became involved in domestic difficulties, as a result of which, and in contemplation of the filing of a suit for divorce by Nema Ashton, a written agreement was entered into whereby, among other things, it was agreed, subject to later approval by the court, as follows: That respondent be awarded certain residence property owned by the parties, located in Pocatello, Idaho, purchased under the terms of an executory contract, upon which, at the time of the entry of the decree of divorce, there was due $1,682.93; that appellant pay respondent the sum of $95 monthly as an allowance to be used for the support

of respondent and a minor child; and that out of the said sum of $95, respondent was required to pay the sum of $35 monthly until the balance of said purchase price was paid in full.

Following the making of said written agreement, respondent filed a complaint for divorce. The complaint pleaded the agreement theretofore made, as above stated, and also, in effect, charged cruel and inhuman treatment. Thereafter the case was tried and on the 8th of February, 1936, a decree of divorce was rendered and entered on the complaint of the wife. The decree, following the terms and conditions of the contract, awarded a monthly allowance to respondent in the sum of $95. It required, also pursuant to the terms of the contract, that respondent pay the sum of $35 monthly in satisfaction of the balance due on the purchase price of the residence. The decree also awarded the residence to respondent. It did not award any specific amount as alimony for the support of respondent nor did it award any specific amount for the support of the minor child.

October 11, 1937, appellant filed an application for modification of the decree, supported by his affidavit. On the same day, an order to show cause was issued and served upon respondent. October 21, 1937, respondent filed an affidavit in opposition to that of appellant and appellant filed a reply affidavit. Thereupon the application was heard. Both appellant and respondent were fully cross-examined under the statute in relation to the various matters covered by their respective affidavits. Dr. Lyons was called also and examined upon matters not deemed material to a decision of the question presented on this appeal. January 11, 1938, the trial court entered judgment denying appellant's application for modification, from which he appeals.

The application for modification of the decree was made upon the ground that there had been a material and permanent change in the conditions and circumstances of the parties since the entry of the decree. Where a divorce is granted for the offense of the husband and an award is made for the support of the wife and minor child or children, as the

case may be, and thereafter an application is made under the provisions of section 31-706, I. C. A., for a modification of the decree awarding support, upon the ground of a material and permanent change in the circumstances of the parties since the entry of the decree, the court will, in the exercise of sound, judicial discretion, make such modification of the decree as justice and the changed circumstances of the parties demand. (*Humbird v. Humbird,* 42 Ida. 29, 243 Pac. 827; *Simpson v. Simpson,* 51 Ida. 99, 4 Pac. (2d) 345.)

The record shows that about a year before the entry of the decree in the case at bar, respondent was earning from $22.50 to $25 a week; that at the time of the entry of the decree, respondent was in poor health and not really capable of teaching; that, nevertheless, she gave music lessons but could not say how much she was earning. With respect to the earnings of appellant, the record shows that at the date of the entry of the decree he was employed by the Idaho Power Company as an accountant at a salary of $215 per month. At the time of the filing of the application for modification, the record shows: That respondent was regularly employed at a salary of $110 per month and had been so employed at such salary for a period of more than three months; that prior to receiving a regular salary of $110 per month, respondent had been employed for a period of eleven months and had earned the sum of $775.97; that in addition thereto, she was earning approximately $6 per month by giving music lessons. It further appears that at the time of the filing of the application, appellant was still employed by the Idaho Power Company as an accountant and was receiving a salary of $230 per month.

To what extent, then, if at all, had the circumstances of the parties changed between the date of the entry of the decree of divorce and the date of the filing of the application for modification? The record shows, as above stated, without dispute, that respondent's condition had changed from earnings so small and negligible that she could not say, even when pressed, what they were, to a regular salary of $110 per month. On the other hand, appellant's circumstances had changed to the extent of an additional $15 per month.

The change in the circumstances of respondent during that period gave her a monthly income, including salary, music lessons, and allowance under the decree, of $211 as against a monthly income for appellant of $230, or only $19 per month less than that of appellant himself. But respondent contends that appellant, having for two months immediately preceding the filing of the application, paid only $50 per month instead of $95, as required by the terms of the decree, must first comply with such terms. While respondent recites in her affidavit ''that the defendant (Alan W. Ashton) has not made the payments to the affiant of the sum of $95.00 per month for the last two months, but has only paid the sum of $50.00 per month, notwithstanding the fact that the Decree so provides, and that this affiant has been sorely in need of the amount provided for in said Decree,'' she made no objection, based on that ground, to having the application heard and determined. Instead of objecting, and giving the trial court an opportunity to pass on the objection, she proceeded to trial and submitted her defense to the application. Thus, by her conduct, respondent gave the trial court to understand that, notwithstanding appellant's failure to make such payments in full, she was not objecting to a modification of the decree on that ground. The objection cannot be urged on appeal for the first time.

We conclude, under all the facts and circumstances of the case, the decree should be modified as follows: That appellant be required to pay respondent the sum of $35 monthly until the balance of the purchase price of the residence property, principal and interest, is paid in full; that appellant, in addition thereto, be required to pay respondent the sum of $35 monthly for the support of the minor child of the parties until such minor reaches her majority, subject, of course, to the right of either party to modification, upon proper application, in the event of such a change in the circumstances of either as would justify that relief.

It should be specifically understood that in the event it develops the minor child needs orthodontic or other treatment for her teeth, as suggested by certain statements contained

in the record, one-half of the expense thereof should be paid by appellant in addition to the sums above specified.

The judgment is reversed and the cause remanded with directions to the trial court to so modify the decree to take effect as of the date of the application for modification. Costs awarded to appellant.

Ailshie, Budge and Givens, JJ., concur.

MORGAN, J., Dissenting.—The record before us shows the child is in need of orthodontic treatment now. Furthermore, the modification of a decree of divorce awarding alimony to the wife and support for the minor child is a matter within the sound judicial discretion of the trial judge, as is the awarding of such relief in the first instance. The exercise of that discretion should never be interfered with on appeal except in case of manifest abuse thereof. (*Donaldson v. Donaldson,* 31 Ida. 180, 170 Pac. 94; *Smiley v. Smiley,* 46 Ida. 588, 269 Pac. 589.) When the mandate of this court has been carried out, the discretion of the trial judge will not have been exercised, but will have been violated.