244 P.2d 143

GISH v. GISH.

No. 7840.

Supreme Court of Idaho.

May 8, 1952.

Smith & Jacob, Twin Falls, for appellant.

Rayborn & Rayborn, Twin Falls, for respondent.

KEETON, Justice.

Appellant, Roena F. Gish, and respondent, Cecil E. Gish, Jr., are wife and husband, and are living separate from each other. They have two children, Victoria A. Gish, about two years of age, and Michael S. Gish, about four years of age.

In a proceeding in which respondent sued for a divorce, a cross-complaint was filed and a divorce asked for on the part of the appellant. On issues joined, the matter was heard on the 30th day of July, 1951. Thereafter by a decree dated and filed September 28, 1951, the court denied each party a divorce, and awarded the said children to the appellant. The decree in this regard provides:

"A. That the children shall be kept by Roena F. Gish within the jurisdiction of the Court, that is to say, within the State of Idaho.

"B. That Cecil E. Gish, Jr., who is a fit and proper person to visit said children, shall have the right to visit the said children between the hours of 9:00 o'clock A.M. and 5:00 o'clock P.M. on any day that he shall desire to do so.

"C. That Cecil E. Gish, Jr., who is a fit and proper person to have such custody, shall be entitled to have the custody of said Michael S. Gish between the hours of 9:00 o'clock A.M. and 5:00 o'clock P.M. on each Saturday and each Sunday of every week, provided that Cecil E. Gish, Jr., shall call for the said child at the home of Roena F. Gish and return said child to the home of Roena F. Gish."

The parties at the time of the hearing were residents of Twin Falls and it appears that at some time not made clear, the appellant, afer the hearing and before the decree was signed or entered, moved to Coeur d'Alene taking the children with her.

Before the decree was signed, but apparently after a memorandum decision had been made, which does not appear, the re-

spondent filed a motion dated September 5, 1951, asking that appellant be required to return the children to Twin Falls or somewhere within the Eleventh Judicial District forthwith, and in default of such order, asked that the children be awarded to respondent. A subsequent motion for the same purpose, supported by an affidavit, was filed September 26, 1951.

Thereafter, on the 28th of September, 1951, while this motion was still pending, the court entered the decree above quoted, giving custody of the children to the mother, appellant here.

The court issued a show cause order dated September 26, 1951, in which the appellant was ordered to appear on the 5th of October, 1951, and show cause why she should not be required to return the children to Twin Falls.

Pursuant to this show cause order, the appellant appeared and filed an affidavit and presented oral testimony as to why she had taken the children to Coeur d'Alene, and contended that taking the children to Coeur d'Alene was not in conflict with the decree dated September 28, 1951, or the memorandum decision formerly made.

She testified that she had obtained gainful employment in Coeur d'Alene, and moved there because she could make more money, and put aside some for the children. She testified she was making about $30 a month in Twin Falls and was giving dancing lessons at Coeur d'Alene and earning approximately $250 a month. She also testified as to the nature of the home and the care she was giving the children in that city. This testimony was not denied by respondent.

At the conclusion of the hearing the court made an order that the decree of September 28th be modified and that the children should be kept within the vicinity of Twin Falls or not more than fifty miles therefrom, and that appellant return the children to Twin Falls or vicinity within thirty days and in default of so doing, the children should be placed in the custody of respondent. From this order appellant appealed.

It is respondent's contention that the order requiring the return of the children to Twin Falls was not a modification of the decree, but was, in effect, a method pursued to enforce what the court had already done, contending:

"The hearing was for the sole purpose of the appellant showing cause why she had in fact disobeyed the decree of the Court."

The decree of September 28, 1951, specifically provides "that the children shall be kept * * * within the jurisdiction of the Court, that is to say, within the State of Idaho".

That the proceeding taken before the trial court was one for modification of the decree or order entered is apparent from the court's minutes of October 5, 1951, in which the court said:

"Whereupon it was the order of the Court—that the Decree should be *modified* in that the children should be kept someplace near the Plaintiff * * *." (Emphasis supplied.)

Following this is a formal order dated October 13, 1951, from which we quote:

"The Court * * * finds that the defendant and cross-complainant [appellant here] for all practical purposes has removed the minor children of the plaintiff and cross-defendant and defendant and cross-complainant from the jurisdiction of the Court and to the City of Coeur d'Alene, Idaho."

Following this is the order that the children be returned to Twin Falls, or within fifty miles thereof.

When the original decree of September 28, 1951, was signed, proceedings to require the children to be returned to Twin Falls were then pending before the court and while so pending, the decree of September 28th was entered.

The decree in defining the jurisdiction of the court specifically defined jurisdiction as meaning within the State of Idaho. We view the proceedings as an attempt to have modified an order relative to the custody of the children formerly entered.

In the modification of the decree and order dated October 13, 1951, the court made no findings of fact or conclusions of law, nor were there any changed circumstances or conditions subsequent to the date of the decree shown; nor were there any findings made wherein it was determined that the welfare of the children would be furthered by the modification.

In default of compliance, the order of October 13, 1951, provides:

" * * * and in the event that said defendant [appellant] * * * Roena F. Gish, does not desire to return to Twin Falls or vicinity herself, then in that event the said minor children shall be placed in the custody of plaintiff [respondent] * * *."

There is no evidence or showing as to how respondent would care for the children or that he had any home to which to take them. Nor, is there any showing as to what the surrounding circumstances would be if the children were awarded to him.

■ Failure to make findings of fact and conclusions of law on application for modification of a decree in respect to custody of minor children is error. Cheesbrough v. Jensen, 62 Idaho 255, 109 P.2d 889; Holden v. Holden, 63 Idaho 70, 116 P.2d 1003; Brown v. Brown, 66 Idaho 625, 165 P.2d 886.

■ A modification of a decree awarding custody of children should be based upon material, permanent and substantial change in the circumstances and conditions of the parties subsequent to the entering of the decree. Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323; Ashton v. Ashton, 59 Idaho 408, 83 P.2d 991, 17 Am.Jur. 518, Sec. 684.

470

No change in circumstances or conditions is here shown.

 It is a well recognized principle of law that the welfare of the children of separated parents is the primary concern by which the court should be guided. Children of tender years are reared, trained and cared for best by the mother where she is a fit and proper person, and children should not be taken from her unless she is found to be unfit. Richardson v. Richardson, 72 Idaho 19, 236 P.2d 718 and cases therein cited.

 In the decree of September 28, 1951, the court decreed the mother to be a fit and proper person. There being no showing that there was any change in the circumstances or conditions, or that the welfare of the children would be enhanced or bettered by making the modification, and no other sufficient reason being presented for the change, it necessarily follows that the order modifying the original decree should be reversed.

There is no showing here as to why the parties should be separated or any sufficient reason given why they should not lay aside their differences, if any exist, in the interest and welfare of the children involved. The children are entitled to a home with a father and mother to look after, provide for, and guide them. If the parents cannot reconcile their differences in the interest of their children, it necessarily follows that the children, as well as the parents, are the losers, regrettable as the circumstances presented may be.

The order modifying the decree of September 28, 1951, is reversed and the original decree ordered reinstated. Costs to appellant.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.