252 P.2d 197

WILSON v. WILSON.

No. 7917.

Supreme Court of Idaho.

Jan. 6, 1953.

Ryan & Ryan, Weiser, for appellant.

· Karl Jeppesen, Boise, for respondent.

KEETON, Justice.

Respondent seeks, in a proceeding in the trial court, to have modified a provision in a decree of divorce dated November 24, 1947, relative to the custody of a child of the parties. The child in question is now approximately five years of age, and in the divorce proceedings he was awarded to the respondent, with the right of the appellant to visit said child on stated occasions.

By an affidavit and motion in the trial court, respondent alleged as grounds for modification, a change of conditions, claiming that appellant had not paid for the support of the child while able to do so, and as ordered by the court; that she had remarried; and her present husband desires to adopt the child as his own, and such adoption cannot be perfected without the consent of the natural father so long as the original order relative to the right of visitation of the natural father is in effect.

A hearing was had, the trial court set aside the provision of the original decree requiring the father to pay $25 per month for the support of the child, which order the appellant had never complied with; found that the father had abandoned the child, and relinquished his right of visitation; and on the evidence submitted modified the original decree depriving the child's father of the right of visitation. From this order appellant appealed. No appeal was taken from the order modifying the original decree requiring the appellant to support the child.

In the brief of the respondent and oral argument, it is conceded that the real and principal reason for asking that the right of visitation be denied the father is to enable respondent to join with her present husband in adoption proceedings for the adoption of the minor child by the step-father.

To deprive the child of the right to see its own father, and the natural parent to visit his child, and give it a new father created by law is not to be considered lightly.

■ It is only under extraordinary circumstances that a parent should be denied the right of visitations, even though the parent is guilty of marital misconduct. Default in the payment of support money is not in itself sufficient reason to deprive the father of the right to see and visit his child. No case has been cited, or called to our attention, where the desire of a step-father to adopt a child has been affirmed as a reason to deprive the father of the right to see his child, or to modify an order relative to its custody previously entered.

■ The question of whether or not the father has abandoned the child, or ceased to provide for its support, so that his consent

to adoption would become unnecessary is a matter which should, in the first instance, be submitted to the probate court having jurisdiction. Sec. 16-1504 and Sec. 16-1506 I.C.; Jain v. Priest, 30 Idaho 273, 164 P. 364.

■ An order modifying a decree relative to the custody of a child or children should only be made upon a showing of material, permanent and substantial change in the circumstances or conditions of the parties. Simpson v. Simpson, 51 Idaho 99, 4 P.2d 345.

■ A desire or wish of the child's mother and a new husband to adopt the child is not a change of circumstances or conditions which would warrant the conclusion that the natural father should be deprived of the right of visitations.

■ It may be conceded from the facts shown by the transcript, that the appellant is an unworthy, undependable, carefree fellow, who did not take his marriage seriously, and who, for some time subsequent to the time of his marriage, sponged off of the respondent's parents. The question here is not one of the right of adoption or even custody, but involves the naked right of a father to visit and see his own child. This right of any parent is so universally recognized that a review of cases or text on the subject would serve no useful purpose. There is nothing in the transcript to show that the right of visitations would create a situation or influence in anywise detrimental to the child's welfare.

It might also be conceded that the appellant has departed from the state and sought an asylum in a foreign jurisdiction (Texas), and as far as we know or can tell, he has never returned, and is still there. He did send some money for the support of the child and remembered it at Christmas, and perhaps on other occasions. However, there was no change in the circumstances subsequent to the granting of the original decree that would warrant the conclusion that there was any change in the circumstances or conditions since the time the divorce was granted as far as the rights of the father to visit the child are concerned. The appellant does not seem to be any worse, and as far as we know, any better, than he was at the time the divorce was granted.

We conclude that the facts shown in the affidavit for modification and the testimony produced at the trial are insufficient to warrant the setting aside of the original decree relative to the appellant's right of visitations.

The order taking from the natural father the right of visitations is therefore reversed and the original decree reinstated in that regard. This being a proceeding between the parties to an original divorce action, no costs are allowed.

PORTER, C. J., and GIVENS and TAYLOR, JJ., concur.

THOMAS, J., concurs in the conclusion reached.