Argued September 30, affirmed October 7, 1953

# SCHIERMEISTER *v.* SCHIERMEISTER

261 P. 2d 677

*Herbert W. Carter,* of Salem, argued the cause and filed a brief for appellant.

*Philip Hayter* argued the cause for respondent. On the brief were Hayter & Shetterly, of Dallas, and Lawrence T. Harris, of Eugene.

Before LATOURETTE, Chief Justice, and LUSK, BRAND, and TOOZE, Justices.

PER CURIAM.

Defendant Elsie Schiermeister appeals from an order denying her motion to modify a divorce decree respecting the custody of minor children.

Plaintiff and defendant were married on June 20, 1935, and as the lawful issue of this marriage were born two children, Darlene, a daughter, and Dennis Dwane, a son. On January 9, 1946, plaintiff commenced a suit for divorce in the circuit court for Yamhill county. He charged defendant with being guilty of cruel and inhuman treatment and with adulterous relations with other men, naming them. He asked for custody of the minor children, Darlene then being eight years of age, and Dennis Dwane of the age of six years. He specifically charged that defendant was unfit to have custody of the children.

Defendant defaulted in the divorce suit, and on February 9, 1946, a decree was entered in favor of plaintiff, dissolving the marriage contract, and providing as follows with respect to custody of the minor children:

"* * * and the plaintiff is granted the control, support and custody of the two minor children of

the said marriage, to-wit: Darlene Schiermeister and Dennis Dwane Schiermeister, with the right of the defendant to visit same at reasonable times and places.''

It appears from the record that at the time the divorce decree was entered plaintiff and defendant were continuing to live together as husband and wife. On the day the hearing was held both parties went in their automobile to the courthouse in McMinnville, defendant remaining in the car while plaintiff was presenting his case to the court. Immediately after a decree was awarded plaintiff, the parties returned together to their home.

■ It is manifest that plaintiff at the time of trial was guilty of a fraud upon the court in concealing from the court the fact that he and his wife continued to live together as husband and wife. Had that fact been revealed to the court, it is more than likely that the suit would have been dismissed. On this appeal defendant seizes upon this fraud as just cause for depriving plaintiff of legal custody of his children.

It is obvious that this fraud could affect only the matter of divorce. It could have no direct bearing upon the best interests and welfare of the children, and that is the problem with which we are concerned on this appeal.

The record discloses that following the divorce, plaintiff and defendant continued to live and cohabit together as husband and wife for more than six years, or until July, 1952. Their relations after divorce were precisely the same as they had been prior thereto. The family continued to live in the same home, the children being cared for by both parents. The parties at first labored under a mistaken idea as to the law, believing

that because they resumed marital relations within six months after the decree of divorce, they continued to be lawfully married and the divorce decree had no effect. Later they became convinced that in any event they were married according to the common law. However that may be, they definitely and finally separated in July, 1952.

On August 20, 1952, defendant filed a motion, supported by affidavit, for a modification of the divorce decree respecting the custody of the minor children. Plaintiff filed a counteraffidavit resisting the motion. At the time the daughter was nearly 15 years of age and the son about 14 years of age. A trial was held on September 19, 1952, at which time both parties introduced testimony to support their respective contentions.

It is noted from the record that the hearing upon the motion to modify was held before the same trial judge who had heard the divorce suit. The trial court took the matter under advisement and on November 6, 1952, entered an order denying the motion.

It is unnecessary for us to discuss the evidence in this case. We believe a proper regard for the interests of these minor children requires us to refrain from so doing. There were conflicts in the testimony, but those conflicts were resolved by the trial court in favor of plaintiff. Its findings are entitled to great weight. Particularly is that true in this case because of the long judicial experience of the able and conscientious trial judge who presided at the hearing. There is substantial evidence in the record to support his conclusions.

Defendant has called our attention to several of our prior decisions wherein we have said that in divorce

suits where the question of custody of minor children of tender years is an issue, such custody should be awarded to the mother unless she is morally unfit to have such custody. For example, see *Goldson v. Goldson,* 192 Or 611, 620, 236 P2d 314.

Minor children of tender years, in the sense in which we have used the term "tender years" in our prior opinions, are not involved in this case. In awarding custody of minor children who have attained ages beyond that which might reasonably be considered "tender years", many additional factors enter into a determination of the question. Each such case must be finally decided upon its own peculiar facts and circumstances. Of course, as in all cases involving the custody of minor children, the primary and controlling consideration is their best interests and welfare; every other consideration is secondary.

The order denying the motion is affirmed.