299 P.2d 490

**Irene TOBLER, Plaintiff-Appellant,**

**v.**

**E. Mitchell TOBLER, Defendant-Respondent.**

No. 8341.

Supreme Court of Idaho.

July 13, 1956.

Whitla & Knudson, Coeur d'Alene, for respondent.

McFarland & McFarland, Coeur d'Alene, Del Cary Smith, Spokane, Wash., for appellant.

custody of the plaintiff be allowed to visit him "for such periods out of each month as the Court may feel to be reasonable and just under the circumstances."

KEETON, Justice.

The parties will be referred to as they appear in the trial court. Appellant will be referred to as plaintiff and respondent as defendant. Plaintiff and defendant were formerly wife and husband, residents of Hayden Lake, Idaho. Plaintiff was granted a divorce August 27, 1954. Subsequent to the granting of the divorce plaintiff moved from Hayden Lake to Spokane, Washington. Prior to the granting of the divorce an agreement dated August 25, 1954 was entered into between the parties in which it was agreed that plaintiff should have the custody of three minor children the issue of the marriage, namely, Mary Irene Tobler, Barbara Jane Tobler and Michelle Tobler, subject to reasonable visitation rights given defendant. By the terms of the decree the care, control and custody of the children were awarded pursuant to the stipulation. On February 23, 1955, defendant petitioned the court for a modification of the decree, and for reasons alleged prayed:

"That the care, control and custody of Mary Irene Tobler be decreed to her father, * * *".

that the term "reasonable visitation" be defined; that the other two children in the custody of the plaintiff be allowed to visit him "for such periods out of each month as the Court may feel to be reasonable and just under the circumstances."

The petition was supported by the affidavit of the child Mary Irene in which she set forth numerous reasons why she desired to be awarded to the custody of defendant; also affidavit of the present wife of defendant in which, among other things, she alleged her willingness to take the child Mary Irene into the home of herself and defendant and care for her.

An answer was filed to the petition for modification in which numerous reasons were alleged as to why petition should not be granted. Trial on the issues was had, testimony and other evidence submitted, and the trial court by order modified the decree formerly entered, awarded the care, control and custody of the minor Mary Irene Tobler to defendant; defined the term "reasonable visitation" and fixed certain periods in which the two minor children, Barbara Jane and Michelle, should be permitted to be in the custody of defendant, subject to the condition that transportation expenses be paid by him. From the order so modifying the decree plaintiff appealed.

The assignments of error, although separately stated, all relate to two basic questions: First, did the trial judge abuse his discretion in entering the order of modification and awarding the custody of the

child Mary Irene to respondent? Second, did the court err in defining the term "reasonable visitation" and fixing times when the other two children, Barbara Jane and Michelle, would be permitted to visit him or be in his custody?

The child Mary Irene was born February 21, 1941. At the time of the petition for modification she was fourteen years of age, and is now past fifteen. By an affidavit and in a private conversation with the trial judge she expressed a decided preference to be awarded to defendant. Subsequent to the granting of the divorce defendant remarried and has a home at Hayden Lake where he is engaged in business, and testimony discloses that he has a suitable home and is financially able to care for and raise the child Mary Irene. Testimony also discloses that Mary Irene was much attached to her father; that she was unhappy and emotionally upset while in the custody of the mother. The trial court found:

"that the defendant is now able to provide a suitable and proper home for his said daughter, Mary Irene Tobler, and that under the circumstances disclosed to the Court both by the child personally and by the evidence presented at the said hearing it is for the best interest and welfare of the said Mary Irene Tobler that her care, control and custody be granted to the Defendant."

In an attack on said finding, plaintiff cites numerous authorities in which this and other courts have held that things being equal children of tender years, particularly girls, should be awarded to the custody of the mother. The general rule so stated is well recognized and established. See Richardson v. Richardson, 72 Idaho 19, 236 P.2d 718, 719, and cases therein cited; Harmon v. Harmon, 264 Ky. 315, 94 S.W. 2d 670.

█ Sufficient answer to this contention is that Mary Irene is not a minor child of tender years, within the meaning of the decisions awarding children to the custody of the mother.

In Schiermeister v. Schiermeister, 199 Or. 391, 261 P.2d 677, the court held that decisions awarding children to the custody of the mother where they were of tender years have no application to a child of the age of fifteen.

█ The question of custody of a minor child is initially committed to the sound legal discretion of the trial court and such court's determination will not be interfered with in the absence of a showing of an abuse of discretion. Wilson v. Wilson, 77 Idaho 325, 291 P.2d 1113. The trial judge did not abuse his discretion in awarding the custody of the child Mary Irene to the father, and there was sufficient showing of the change of conditions that would be beneficial to the child and in furtherance

of her welfare and best interest to warrant the modification made by the trial judge.

■ While the wish of the child to be awarded to one of the parents where the parents are separated and both parties are shown to be suitable persons to have the custody is not finally determinative of the issues, it is a proper matter for a trial court to consider with other evidence in determining the child's best interest.

■ Primarily the welfare and best interest of a child or children is the sole matter with which the court is concerned and their custody is of supreme importance regardless of the claims or personal desires of the parents, and the wishes of the child in such cases must yield to the determination of what is best for such child's ultimate good. Warnecke v. Warnecke, 28 Wash.2d 259, 182 P.2d 699; Hurner v. Hurner, 179 Or. 349, 170 P.2d 720.

The court in the order of modification fixed certain visiting periods in which the children, Barbara Jane and Michelle, could be with defendant, and further provided that defendant should have Barbara Jane for a period of six weeks every summer, and Michelle for a like period when she reaches the age of six years.

Additionally the court defined the term "reasonable visitation" as follows:

"That the term reasonable visitation shall be and the same hereby is further amended to provide that during the odd numbered years such as 1955, 1957, etc., the Defendant shall be entitled to have the said minor children visit him in his home on Easter, Thanksgiving and Christmas Eve and the Plaintiff shall have all of the said children, including Mary Irene Tobler on Christmas Day. During the even numbered years such as 1956, 1958, etc., the Plaintiff shall be entitled to have all of the children, including Mary Irene Tobler, * * * on Easter, Thanksgiving and Christmas Eve, and the Defendant have the said children for Christmas Day."

This order is attacked by plaintiff as not being within the issues and as an abuse of discretion.

■ The petition for modification specifically asked for the fixing of visiting periods for the children, Barbara Jane and Michelle, and plaintiff in her testimony stated that the parties had been unable to agree on visiting periods and "I do feel that regular visits would be better * * *. For the benefit of the youngsters I think it should be regulated." Hence there is no merit to the contention that the determination made by the trial judge is not within the issues.

■ If the parents could not agree on visitation periods the court had jurisdiction to fix such periods and define the term rea-

sonable visitation. Any suitable parent should be given the right to see her or his child or children and to have such child or children with her or him at reasonable times and places. Wilson v. Wilson, 73 Idaho 326, 252 P.2d 197.

We are of the opinion that the six-week visiting periods provided for in the summer months should be reduced to thirty days. The trial judge will so modify the order.

The order appealed from as so modified is affirmed. No costs allowed.

TAYLOR, C. J., and ANDERSON, J., concur.

SMITH, Justice (dissenting).

I am unable to agree with the majority opinion and shall set forth briefly my reasons therefor.

August 27, 1954, appellant, plaintiff in the divorce action, was awarded a divorce from respondent, and the custody of their three minor children. Appellant was awarded the divorce on grounds of extreme cruelty. Respondent admitted the allegations of the complaint by his default for failure to appear and plead in the action. Among other things he thusly admitted his continuous association with another woman and his desire to be freed of his marital obligations to appellant.

February 23, 1955, respondent petitioned for modification of the decree of divorce to the end that the custody of the eldest of the three children, Mary Irene Tobler, then aged fourteen years, be decreed to her father, respondent.

The petition sets forth that respondent has remarried and is able to provide a home, care and supervision for the child and that the relationship of the child with respondent's second wife has been good. The petition does not allege that appellant, the child's mother, in anywise is an unfit person to have the child's custody, but alleges merely that the child is not happy living with her mother and has not received the care and understanding that a young girl of her age requires. The balance of the petition likewise is couched in conclusions to the effect that in view of the child's expressed preference and desire to live with her father, respondent believes it to be for the best interests of the child that the decree of divorce be modified "so as to conform with her wishes," i. e., that the child's custody be decreed to respondent.

The affidavit of the child is appended to the petition, wherein, the majority opinion states, "she set forth numerous reasons why she desired to be awarded to the custody of defendant" (respondent). An inspection of the child's affidavit shows these "numerous reasons" to be the child-

ish conclusions of a headstrong child to the effect: that there has been little or no companionship between her and her mother and a lack of understanding between them; that she has tried to work out the difficulties but receives no help from her mother; that she has been close to her father and spent weekends with and likes his second wife, and that she wishes and desires to be permitted to live with her father.

The trial court found that the child had expressed a decided preference to be under the custody of her father, followed by the conclusion set out in the findings, that "it is for the best interests and welfare of the said Mary Irene Tobler that her care, control and custody be granted to the Defendant," without setting forth facts to support such conclusion.

The petition for modification, though regarded with the supporting affidavit of the child, does not state facts sufficient to constitute a cause of action for modification, in that it does not set forth facts indicative of any material, permanent and substantial change in conditions subsequent to the entry of the decree of divorce, showing or tending to show that the modification requested would be for the best interests of the child, or anything even remotely bearing upon changed conditions other than the child's state of mind, admittedly exist-ent before the divorce as well as afterward, that she has a preference for her father. The same criticism may be directed to the findings of the trial court.

Appellant mother's answer to the petition for modification alleges: that the child has been lazy, spoiled and rebellious but is improving; that respondent father's second wife was responsible for breaking up the home of appellant and respondent; that said second wife was married when respondent was associating with her and that she had two minor children of her own; and that she does not have the custody of her own children. Appellant then alleges that there has not been any material change in condition since the entry of the decree to justify a modification; that the only change which has occurred is improvement in the child's attitude.

The following testimony of Mr. Tobler shows the child's knowledge of the cause of the break-up of the home of appellant and respondent:

"Q. Well the child understood Mrs. Hilgren, prior to the divorce, that you had been going together, didn't she?

A. That is correct.

"Q. And she understood the reason for the break-up of your own home * * * was due to the fact that you and Mrs. Hilgren were associating

with each other. The child knew that, didn't she? . A. Yes."

Respondent then testified to the effect that the child had gone through emotional stress because of the divorce; also he knows that appellant "resents very much the fact that her daughter would be raised by the woman she claims to have broken up her marriage."

Appellant's testimony, which was not rebutted, shows that Mary Irene had some difficulty adjusting herself to the fact that there had been a divorce of her parents; that she has tantrums of temper and always was a difficult child to discipline. Appellant then testified:

"Recently I feel she is more contented with her school work and was making more of an attempt to make herself more contented than she had when we first moved to town. * * * She resented being told what to do or what not to do or asked to do certain things. She has always wanted what she couldn't have * * * it is typical of her age. * * * She is very much like her father * * * he has been more lenient * * *. I don't feel that she knows her mind * * * and I have been with her quite a little."

The trial court interviewed the child in his chambers. Nothing appears in the record as to what information was elicited from the child during that interview, other than the conclusion as contained in the court's findings that the child has a preference for her father.

The record shows the fitness of appellant as "a good mother;" She loves her children, and perhaps is "a little more indulgent than she should have been" as a mother. The child Mary Irene is fond of or close to her father, who perhaps exercises more control over her than her mother. Several witnesses testified that they had visited appellant's home from time to time and all were praiseworthy of her home and the environment as well as her attributes as a good mother to her children. Nothing appears in the record in anywise showing that appellant is unfit to have the custody of her children.

The most that can be said in favor of respondent father is that whereas, for some period of time during his courtship of his second wife, while both still were married, he spent many hours away from his home which otherwise could and should have been devoted to his family; whereas, since his second marriage he now shows more interest in Mary Irene, the oldest child, and is desirous of fulfilling her present preference of being with him rather than her mother.

Further, the record shows an improvement in the child's welfare in her present

surroundings with her mother than existed prior to and at the time of the divorce in that the child has become more contented and adapted to her present evironment and to her school work and more obedient to her mother; in general her emotional nature has become more stabilized.

Not only did respondent fail to allege any facts and circumstances showing a changed condition, but he failed to sustain the burden of proof showing any material, permanent and substantial change in conditions. The burden of showing the changed condition rests upon the party seeking the modification. Simpson v. Simpson, 51 Idaho 99, 4 P.2d 345; Fish v. Fish, 67 Idaho 78, 170 P.2d 802; Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323; Leverich v. Leverich, 175 Or. 174, 152 P.2d 303.

The fact that respondent has remarried and has a home and may show improvement in his finances is not in itself sufficient to warrant modification of the decree. Leverich v. Leverich, supra; Peterson v. Peterson, Idaho, 288 P.2d 645.

While the matter of awarding the custody of the child rests in the sound discretion of the trial court in the first instance, as well as upon modification of an existent decree, an abuse of that discretion occurs when the evidence fails to support a finding that the interests and the welfare of the child will be best served by changing the custody. Olson v. Olson, 47 Idaho 374, 276 P. 34; Maudlin v. Maudlin, supra; Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91. A divorce decree may not be modified to conform to the child's custody preference, unless there has been a material, permanent and substantial change in condition and circumstances subsequent to the entry of the original decree showing that modification would be for the best interests of the child. Simpson v. Simpson, supra; Ashton v. Ashton, 59 Idaho 408, 83 P.2d 991; Fish v. Fish, supra; Maudlin v. Maudlin, supra; Gish v. Gish, 72 Idaho 465, 244 P.2d 143; Wilson v. Wilson, 73 Idaho 326, 252 P.2d 197; Peterson v. Peterson, supra; Rogich v. Rogich, supra.

Respondent has presented his case upon the proposition, that the right of a fourteen year old child to choose the parent whom she prefers over the other parent, to be her custodian, should not be denied, except for compelling reasons. The case of Ludlow v. Ludlow, 89 Cal.App.2d 610, 201 P.2d 579, cited by respondent, makes such a statement as dictum which appears in the discussion relative to the right of a minor of fourteen years to nominate his guardian who, if approved by the court, must be appointed, citing Cal. Probate Code, § 1406 (compare I.C. § 15–1802). The California court, however, recognized that the preference of a child of fourteen years of one parent over the other, is not controlling

when the good of the child will be served best by custody in the parent not so preferred. Such rule is recognized also in Hurner v. Hurner, 179 Or. 349, 170 P.2d 720; Johnston v. Johnston, 155 Or. 256, 63 P.2d 209; Frates v. Frates, 135 Wash. 567, 238 P. 573, and aptly stated in Warnecke v. Warnecke, 28 Wash.2d 259, 182 P.2d 699, at page 700, in the following language:

"In cases of this kind, the welfare of the minor children is the sole matter with which the court is concerned. Their custody is of supreme importance, regardless of the claims and personal desires of the parents. Even the wishes of children in such cases must yield to the determination of what is for their ultimate good." See also Rogich v. Rogich, supra.

My disposition of the question of modification makes it unnecessary to comment upon the remainder of the questions involved in said cause.

The decree of modification of the trial court should be reversed and the cause remanded with directions to continue the custody of the child, Mary Irene Tobler, in appellant, her mother, subject to the right of visitation of respondent, her father, at reasonable times and for reasonable periods of time.

BAKER, District Judge, concurs in this dissent.