310 P.2d 783

Application of Diana Jean ANDERSON, Linda Lee Anderson and Michelle Anderson, for a Writ of Habeas Corpus.

Ralph W. ANDERSON, Plaintiff-Appellant,

v.

Martha Anderson SMITH, Defendant-Respondent.

No. 8475.

Supreme Court of Idaho.

May 2, 1957.

Gigray & Boyd, Caldwell, for appellant.

Lloyd C. McClintick, Nampa, for respondent.

SMITH, Justice.

Appellant and respondent, formerly husband and wife, are the parents of Diana Jean Anderson, born December 13, 1946,

Linda Lee Anderson, born January 2, 1949, and Michelle Anderson, born September 8, 1951, minor children involved in these proceedings.

Appellant, in an action which he commenced in the Superior Court of California in and for Alameda County, case No. 239926, obtained a divorce from respondent, then Martha Anderson. The interlocutory decree entered therein January 16, 1953, granted the legal custody of the children to appellant, with rights granted respondent of reasonable visitation and to have the children during the months of June, July and August of each year. The final decree of divorce, entered September 13, 1954, incorporated the custody award of the interlocutory decree.

The parties have remarried and each has established a home. Appellant lives with his present wife at Caldwell, Idaho. Respondent lives with her present husband at East Hampton, Long Island, New York.

April 25, 1956, appellant commenced an action against respondent in the district court in and for Canyon County, alleging in his complaint the divorce and the child custody award of the divorce decree; also alleging his remarriage since entry of the California decree; that he is a resident of Caldwell, regularly employed, a home owner providing the children with a good home, a fit and proper person to have the custody of the children, and that it is to the best interests of the children that they remain with

him. He then alleged the remarriage of respondent; that she is a resident of the State of New York, and not a fit and proper person to have the custody of the children. He sought to restrain respondent from interfering with his custody and control of the children who then were living with him and his present wife in their home at Caldwell.

May 2, 1956, respondent commenced a habeas corpus proceeding in said district court seeking the custody of the three children. She alleged that the California Superior Court in and for Alameda County is a court of general jurisdiction, which appellant admitted, and alleged, as did appellant, said divorce and the custody award of the divorce decree given and entered by that court; that she and appellant together with the children were residents of the State of California at the time of said divorce proceeding. She then alleged the entry by that court, April 24, 1956, of an order of modification of the custody award of the divorce decree whereby said court awarded to her the legal custody of the children, and that appellant had notice of the modification proceeding. She alleged acts of appellant intended to deprive her of rights of visitation with the children. The trial court, in response to respondent's petition, caused issuance of the writ, and detention of the children by an officer pending the outcome of the proceedings.

Respondent by her answer to appellant's complaint, and appellant by his return to

the writ of habeas corpus, placed in issue essentially three questions, i. e.: First, whether appellant or whether respondent is a fit and proper person to have the custody of the children; Second, whether respondent is entitled to the custody of the children by virtue of the alleged April 24, 1956 order of the modification of the child custody award of the decree of divorce of the California Superior Court, or otherwise entitled to their custody by reason of changed conditions; and Third, whether the home surroundings and the environment in which appellant and the children reside, or the home surroundings and environment which respondent has to offer the children, is suitable and proper for their best interests and welfare.

Appellant, in addition to his return, moved to quash the writ on the ground that the alleged April 24, 1956 order of modification of the custody provisions of the California decree of divorce was void, for the reason that at the time of such alleged modification the children and appellant, their father, were and for many months had been residents of Caldwell, subject to the jurisdiction of Idaho's courts.

The trial court, pursuant to stipulation of the parties, consolidated the two proceedings for hearing and disposition on the issues framed. The court, after hearing the matters, found:

First: that in effect, both the parties apparently are of good moral character, particularly since the last marriage of each.

Second: that the April 24, 1956 alleged order of modification of the California Superior Court is void since neither the children, nor respondent or appellant were residents of the State of California at the time of entry of the order of modification.

Third: the trial court found facts relating *only* to the present marital life, home and environment of respondent, i. e., that respondent had led a respectable life since her last marriage which is sound and happy; that she and her present husband are respected members of their local community, active in church and civic affairs; that her present husband is willing and able to support the children and that the children's interests and welfare would best be served by awarding their custody to respondent.

The trial court failed to find any of the facts shown by the evidence relating to appellant's care and maintenance of the children, his marital life, home and environment, his employment, standing in his community and related circumstances.

The court then concluded that the interests and welfare of the children would best be served by awarding respondent the permanent custody of the children and allowing her to take them to her home in the State of New York, subject to appellant's reasonable rights of visitation with the children.

The trial court thereupon adjudged and decreed the permanent legal custody of the children to respondent with the right to re-

move them to the State of New York or other place where she may subsequently reside, subject to appellant's rights of reasonable visitation with the children, she to keep appellant informed of the place of residence of the children. Appellant has appealed therefrom.

Appellant asserts error of the trial court in disturbing his legal custody of the children and awarding their custody to respondent; in effect appellant challenges the sufficiency of the evidence to sustain the findings and conclusions of the court that the interest and welfare of the children would be best served by so changing their custody. Particularly, appellant contends that the record fails to show any material change of circumstances sufficient to modify the custody order of the California Superior Court awarding to him the legal custody of the children.

The ruling of the trial court, holding as void the April 24, 1956 alleged order of modification of the custody award of the decree of divorce of the California Superior Court, is not before us since respondent did not perfect an appeal, thereby to test the validity of such ruling. Consequently, the record shows that appellant's adjudged legal custody of the children commenced, upon the entry of the interlocutory decree of divorce and the custody award thereof, January 16, 1953, and continued uninterrupted until May 8, 1956, the time of the hearing of these proceedings and entry of the judgment and decree of the trial court.

Conflict in the evidence exists only as to respondent's contention that appellant and his relatives attempted to secrete the children in derogation of respondent's rights of visitation and to have the children during the summer months. The trial court found that appellant, by his removal of the children from Nevada to Idaho during April 1955 (the removal not being forbidden by the decree of the California Court), in effect thereby deprived respondent from having the children during the summer months of that year, in disobedience of the custody award of the divorce decree of the California Superior Court; nevertheless the trial court did not consider any such contempt as the "sole reason for the court's decision." Nor can this Court consider as controlling the contempt, if such there was, since contempt alone, on the part of a custodial parent, will not justify disturbing the custody of such parent. The rule is well stated, amply supported by authorities, in Kalousek v. Kalousek, 77 Idaho 433, 439, 293 P.2d 953, 957, as follows:

"Although plaintiff's conduct may have justified a proceeding against her in contempt, it would not warrant transferring the custody to the defendant, there being no showing that the welfare of the child was adversely affected by such conduct. Custody of children in divorce cases must always be determined upon the basis of the welfare of the children. It cannot be

used as a means of punishment or reward of either parent. Thurman v. Thurman, 73 Idaho 122, 245 P.2d 810, 32 A.L.R.2d 996; Washburn v. Washburn, 49 Cal.App.2d 581, 122 P.2d 96; Norman v. Norman, 27 Wash.2d 25, 176 P.2d 349; Grimditch v. Grimditch, 71 Ariz. 198, 225 P.2d 489; Sorrels v. Sorrels, 105 Cal.App.2d 465, 234 P.2d 103; Sweeny v. Sweeny, 43 Wash.2d 542, 262 P.2d 207; Perr v. Perr, Mo. App., 205 S.W.2d 909; Blundi v. Blundi, 243 Iowa 1219, 55 N.W.2d 239. Contempt of court on the part of the custodial parent will not alone justify taking custody from such parent. Evans v. Taylor, Tex.Civ.App., 128 S.W.2d 77."

The undisputed evidence in respect to which the court failed to make findings, relates to appellant's care and maintenance of the children, his present married life, his home, surroundings and environment, and his ability to continue the care and maintenance of the children; such evidence has to do with the best interests and welfare of the children, which is the main issue in this case, and bears upon the question of the insufficiency of the evidence to sustain the trial court's judgment and decree.

The referred to undisputed evidence shows that ever since the entry of the custody award by the California Superior Court, appellant has cared for and maintained the children, at times with the aid of relatives. Such evidence also shows that appellant's last marriage appears to be successful; that he has established himself in the community at Caldwell, is reputed to be sober and reliable, is steadily employed in a respectable occupation which he follows as a livelihood and, at the time of the hearing was earning $125 a week. The evidence further shows that appellant has acquired and is purchasing a home, is affording the children education and religious training; that the two older children, of school age, are making excellent progress in school, and that the children are happy and content in the environment of happy, congenial family life. Further, appellant appears to be ready, willing and able to continue properly to care for and maintain the children.

The record indicates factual equipoise as between appellant and respondent, since both are shown to be fit and proper persons with each having the ability to furnish a suitable home and environment for the children. The record also shows such equipoise as to the issue of changed conditions, which both parties litigated; in that regard, the record shows improvement over the past conduct of both the parties, particularly since the last marriage of each.

 Appellant's right to the legal custody of the children stems from the original custody award of the California Superior Court. Additionally for some

months prior to and at the time of the commencement of these proceedings, the children were domiciled with appellant father at Caldwell in this State. The jurisdiction of the courts of this state may be invoked where the welfare of the children is in issue even though their domicile in this state be only temporary. Schiller v. Douglas, 48 Idaho 803, 285 P. 1021; Application of Paul, Idaho, 304 P.2d 641.* A substantial change of circumstances and conditions, such that the welfare of the children requires a change in their custodian, must be shown before they can be taken from appellant, and their custody awarded to another. American Law Institute Restatement of the Law, sec. 148; Peterson v. Peterson, 77 Idaho 89, 288 P.2d 645; Application of Paul, supra.

Concerning the issue of changed condition the rule, amply supported by authorities, is stated in Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91, at page 94, as follows:

"A divorce decree granting custody of a minor child to one of the parties may not be modified unless there has been a material, permanent and substantial change in conditions and circumstances subsequent to entry of the original decree which would indicate to the court's satisfaction that modification would be for the best interests of the child. Simpson v. Simpson, 51 Idaho 99, 4 P.2d 345; Ashton v. Ashton, 59 Idaho 408, 83 P.2d 991; Fish v. Fish, 67 Idaho 78, 170 P.2d 802; Maudlin v. Maudlin [68 Idaho 64, 188 P.2d 323]; Gish v. Gish, 72 Idaho 465, 244 P.2d 143; Wilson v. Wilson, 73 Idaho 326, 252 P.2d 197; Peterson v. Peterson [77 Idaho 89, 288 P.2d 645]. The burden of showing such changed condition rests upon the party seeking the modification. Simpson v. Simpson, supra; Maudlin v. Maudlin, supra; Fish v. Fish, supra; Leverich v. Leverich, 175 Or. 174, 152 P.2d 303."

■ The welfare and best interests of the minor children constitute the paramount considerations by which courts must be guided in determining the custody of the children. Krieger v. Krieger, 59 Idaho 301, 81 P.2d 1081; Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000; Brashear v. Brashear, 71 Idaho 158, 228 P.2d 243; Peterson v. Peterson, supra; Empey v. Empey, 78 Idaho 25, 296 P.2d 1028; Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91; Application of Paul, supra.

■ The fact that respondent has remarried and has a home and may show improvement in reputation and finances is not sufficient to warrant a modification. Peterson v. Peterson, supra. The rule is aptly stated in Warnecke v. Warnecke, 28 Wash. 2d 259, 182 P.2d 699, at page 700, as follows:

* 78 Idaho 370.

"In cases of this kind, the welfare of the minor children is the sole matter with which the court is concerned and custody is of supreme importance regardless of the claims and personal desires of the parents."

The burden of proof of showing changed condition rests upon the party seeking the modification. Simpson v. Simpson, supra; Maudlin v. Maudlin, supra; Fish v. Fish, supra; Leverich v. Leverich, supra.

We conclude that respondent failed to sustain the burden of proof showing any material, permanent and substantial change in conditions sufficient to justify changing the legal custody of the children. In the absence of a showing of changed conditions, the custody of the children should remain undisturbed as provided by the original judgment and decree of the California Superior Court, from which stems appellant's right to the custody of the children. While so holding, for the reason stated, this Court is not departing from the principle of Peterson v. Peterson, 77 Idaho 89, 96, 288 P.2d 645, 648, wherein it is said: "Divided custody is not to be encouraged."

The judgment and decree of the trial court is reversed and the cause is remanded with instructions to vacate said judgment and decree, and thereupon to quash the writ of habeas corpus and enter judgment and decree continuing the legal custody of the three minor children, Diana Jean Anderson, Linda Lee Anderson and Michelle Anderson, in appellant, their father, in accordance with and subject to the terms and conditions of the final judgment and decree of the Superior Court of the State of California, in and for Alameda County, in case No. 239926, entered September 13, 1954. No costs allowed.

KEETON, C. J., and PORTER, TAYLOR and McQUADE, JJ., concur.