351 P.2d 236

Verda DANIELS, Plaintiff-Appellant,

v.

Dwight DANIELS, Defendant-Respondent.

No. 8688.

Supreme Court of Idaho.

April 1, 1960.

Rehearing Denied May 2, 1960.

202

May & May, Twin Falls, for appellant.

Kramer & Walker, Twin Falls, for respondent.

KNUDSON, Justice.

After some twenty-two years of married life appellant, on March 31, 1950, was granted a divorce for the fault of respondent. At the time the divorce was granted a property settlement agreement had been entered into which was approved by the court and its principal provisions were incorporated in the decree of divorce. It was provided in the agreement and decree that respondent should pay to appellant the sum of $100 per month commencing with April, 1950, and continuing until the death of either party or the remarriage of appellant.

In 1952 respondent was injured in an automobile accident and on October 18, 1955, pursuant to written stipulation signed by the parties, the decree of divorce was modified by reducing said payments to $75 per month. On December 9, 1957, appellant filed her affidavit herein which alleged that respondent was in default as to said monthly payments in the sum of $675 and prayed for an order requiring respondent to show cause why he should not be adjudged in contempt of court. On December 12, 1957, respondent filed a motion to modify

the decree by striking therefrom the paragraph requiring respondent to make said monthly payments claiming inability of respondent to make the payments. A hearing was had on December 14, 1956, following which the court found that respondent was delinquent in his payments to appellant and notified the parties that respondent's application for modification of the decree would be heard as soon as the delinquent payments had been made. On December 31, 1957, respondent filed a supplemental motion for an order terminating all such payments in the future. Said supplemental motion was made upon the contention that appellant had remarried and based the motion upon appellant's testimony at the hearing had on December 14, 1957, and the affidavit of Mrs. Joseph LaClair.

On January 7, 1958, a hearing was again had upon the motions following which the court made findings of fact and conclusions of law and on March 11, 1958, entered an order reducing the payments from $75 to $25 per month, effective December 5, 1957. The appeal is taken from this order.

The court found that commencing about the middle of July, 1957, while in the state of California, appellant had indulged in intimate and immoral sexual relations with one Scribner, a married man; that for a few days while attending hearings at Twin Falls, Idaho, appellant and Scribner had been registered as husband and wife and occupied a one bed unit at a local motel; that by reason of appellant's sexual relations with Scribner, appellant was guilty of adultery in both California and Idaho and that such acts constitute immorality of such nature as to justify a reduction in said monthly payments. The court also found that there was no evidence that appellant had in other respects or with other men conducted herself in any objectional manner.

■ Appellant assigns as error the following quoted portion of the trial court's conclusions of law, to-wit:

"The original sum of $100.00 per month awarded to the plaintiff in the original decree of divorce which was later reduced to $75.00 per month in a modified decree of divorce is not property settlement, but is to be construed as and is alimony."

It cannot be denied that the $100 monthly payments were originally provided for by the "Property Settlement Agreement" which was entered into by the parties prior to the granting of the divorce. However said agreement does not specify whether such monthly payments are to be made in lieu of a share of the community property or as alimony. The record does disclose that in the "Stipulation for Modification of Decree of Divorce" signed by appellant and her then counsel, dated October 14, 1955, the $100 payments provided for in said settlement are referred to as *alimony payments*. Said stipulation also provides that the modi-

fied decree shall provide "that the defendant shall pay to the plaintiff *as alimony* the sum of $75.00 per month \* \* \*". The order modifying the decree of divorce also specifically designates the reduced monthly payments of $75.00 *as alimony*. We consider such showing in the record sufficient to support the conclusion reached by the trial court and it will not be disturbed upon appeal. Daniels v. Daniels, Idaho, 336 P.2d 112; [1] Shellhorn v. Shellhorn, 80 Idaho 79, 326 P.2d 64; Watkins v. Watkins, 76 Idaho 316, 281 P.2d 1057; Crenshaw v. Crenshaw, 68 Idaho 470, 199 P.2d 264.

The remaining assignments of error challenge the authority of the trial court to modify the divorce decree by reducing the monthly payments based solely upon the ground that appellant has committed immoral acts by having illegal sexual intercourse with a married man not her husband.

There are cases supporting the view taken by the trial court; however in view of the former decisions of this Court, the circumstances of this case and the views expressed by courts which we feel have rendered the most logical and well considered opinions upon the subject, the order must be set aside.

Under the statutes of this state, the court has power at any time to modify its original decree providing for the support and maintenance of the wife and children, where the divorce has been granted for the offense of the husband. I.C. § 32–706 provides:

> "*Alimony for fault of husband.*— Where a divorce is granted for an offense of the husband, including a divorce granted upon the husband's complaint, based upon separation without cohabitation for five years, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support as the court may deem just, having regard to the circumstances of the parties respectively; and the court may, from time to time, modify its orders in these respects."

It will be noted that this statute authorizes the court to make sufficient allowances *having regard to the circumstances of the parties respectively*. This Court has repeatedly stated and cited the rule in this State to be that only substantially changed circumstances and conditions of the parties will warrant a change or modification of the decree. In Simpson v. Simpson, 51 Idaho 99, 4 P.2d 345, 346, it is stated:

> "However, the rule is well established that the authority to modify such a decree can only be exercised upon a showing of material, permanent, and

1. 81 Idaho 12.

substantial change in the circumstances and conditions of the parties * * *. And the burden of showing such changed circumstances is upon the party seeking the modification."

See Humbird v. Humbird, 42 Idaho 29, 243 P. 827; Gish v. Gish, 72 Idaho 465, 244 P.2d 143; Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323; Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91; Ashton v. Ashton, 59 Idaho 408, 83 P.2d 991; McRoberts v. McRoberts, 80 Idaho 511, 335 P.2d 342; Application of Anderson, 79 Idaho 68, 310 P.2d 783.

In the instant case the court expressly found that "the evidence does not disclose that there has been any substantial change in the defendant's physical or financial condition since the decree was modified in the year, 1955". The court also found that appellant is not trained to do any special type of work; that appellant has no regular income except the money which she has received from respondent and which she might be able to earn as a result of her own labors. Such findings do not disclose that a material or substantial change in circumstances has occurred since the decree was modified pursuant to stipulation of the parties in 1955. There has been no change in respondent's financial ability to pay nor has there been any decrease in appellant's need for the maintenance payments or any improvement in her financial circumstances.

In considering appellant's contention that it was error for the trial court to enter the order modifying the decree based solely on the fact that appellant had committed immoral acts, it must be conceded that after the divorce appellant owed no special duty to respondent; neither of the parties has any special right to complain of the conduct of the other. One of the leading cases dealing with this subject is Cole v. Cole, 142 Ill. 19, 31 N.E. 109, 111, 19 L.R.A. 811. In said case an ex-husband sought modification of his alimony payments, charging that his ex-wife had been constantly guilty of acts of adultery and had lived an immoral, unchaste and adulterous life. The lower court sustained a demurrer to the petition for modification. The Supreme Court affirmed the action of the trial court and in deciding the case the Court said: "In case of divorce the courts look at the standing of the parties, the conduct of each and from whence the estate is derived, and, having due regard to the living of each, will make such allowance to the wife as is reasonable and just. When the allowance has been thus made neither has the right to complain of the subsequent conduct of the other, and the failure of the wife to lead a chaste life will afford no ground for depriving her of her alimony as previously fixed, nor will the failure of the husband to conduct himself properly afford ground for increasing her allowance." It is further said in the decision of that case:

"The question presented in this case, therefore, is whether the adultery of the wife, subsequently to divorce and allowance of alimony, as set forth in the petition, will authorize the interposition of the court to alter, modify, or set aside the decree for alimony. The allowance was to the wife alone. It appears by the original decree, which is in the record, that the divorce was granted at the suit of the wife for the willful misconduct of the husband. * * * Conceding the general duty she owes society, what right does it give the husband to property justly hers, if she violates that duty? The husband owes a like duty to lead a moral and virtuous life. If he fails to perform it, could it be contended that it would give her a right of additional property, or that there should be an increase in her allowance in consequence? Manifestly not." Bowman v. Bowman, 163 Neb. 336, 79 N.W.2d 554; Christiano v. Christiano, 131 Conn. 589, 41 A.2d 779, 6 A.L.R.2d 853; Smith v. Johnson, 321 Ill. 134, 141, 151 N.E. 550; Pauley v. Pauley, 280 Ky. 66, 71, 132 S.W.2d 512; Suozzo v. Suozzo, 1 A.2d 930, 16 N.J.Misc. 475, 477; Forrest v. Forrest, 3 Bosw. 661, 671, 16 N.Y.Super.Ct. 661, 671; Hayes v. Hayes, 220 N.Y. 596, 115 N.E. 1040; Stanfield v. Stanfield, 22 Okl. 574, 589, 98 P. 334; Cariens v. Cariens, 50 W.Va. 113, 116, 40 S.E. 335, 55 L.R.A. 930; LaFrance v. LaFrance, 122 Conn. 556, 559, 191 A. 334; Gill v. Read, 5 R.I. 343, 346, 73 Am.Dec. 73.

This is a civil proceeding by one who, as a result of an absolute divorce, has no greater interest in the conduct of appellant than any other member of society. It is not the province of the respondent to protect the interest of society for his financial advantage and thereby defeat his contractual and adjudicated obligations. We do not here decide that under no circumstances should the improper conduct of a divorced wife be considered and controlling in passing upon the applications for modification or termination of alimony payments. The matter here before the Court is not her conduct in general but her conduct as it affects the duty of her divorced husband to provide needed maintenance. It may be that gambling or behavior on her part which amounts to a squandering of the money paid to her for her support might justify withholding it from her or where the divorced wife's misconduct results in an improved financial condition. Each case must be resolved upon the facts and circumstances involved. Bowman v. Bowman, supra; Christiano v. Christiano, supra.

In the instant case it appears that the misconduct of appellant occurred approximately seven years after the divorce and with a man who has led her to believe that he will marry her as soon as he obtains a divorce from his present wife.

Respondent based his supplemental motion for termination of the payments upon the ground that appellant had remarried and

the trial court correctly found that such was not a fact.

Our conclusion is that respondent neither pleaded nor proved a legal reason justifying a modification of the modified decree. The order appealed from is reversed and the cause remanded to the trial court with instructions to dismiss the applications here considered. Costs to appellant.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.